**JACKSON v. STATE.**

6 Div. 544.

Supreme Court of Alabama.
Jan. 25, 1940.

Lewey Robinson, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., Clarence M. Small, Asst. Atty. Gen., and Geo. Lewis Bailes, Circuit Solicitor, and Burgin Hawkins, Deputy Circuit Solicitor, both of Birmingham, for the State.

BOULDIN, Justice.

"That the great, general, and essential principles of liberty and free government may be recognized and established, we declare: * * * Sec. 6.' That in all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either." So reads the Declaration of Rights of Alabama, Article I, § 6.

■ This guaranty includes the right of the accused to have his case, as presented in the evidence, argued by counsel before the jury. To deny him this privilege is a denial of his constitutional rights. The trial court has no discretion so to do. Appellate courts have the responsibility, when presented for review, to determine whether this right has been denied or invaded by an unwarranted limitation of the time allowed for argument.

■ The trial court has, and must have, a measure of control over this as other features of the trial to the end that unnecessary time shall not be consumed, that the business of the court proceed with due dispatch, and without unnecessary expense.

■ This court has cautioned the trial courts, however, that impatience or other cause shall not lead to an infringement upon this constitutional right, whatever be the views of the court as to the merits of the defense.

In fixing a time limit for argument, he is in the exercise of a judicial discretion, subject to review on appeal.

This court, on such review, has the grave responsibility of protecting the constitutional rights of the accused, but according to the trial court a presumption that his discretion has not been abused.

The gravity of the charge, the volume of evidence, the credibility of witnesses, the inferences to be drawn from the various phases of the evidence, and the legal principles involved, to be presented in instructions to the jury, are all matters within the proper scope of argument.

On appeal, this court looks to the record to determine these matters, and will not reverse unless it affirmatively appears there has been an abuse of discretion resulting in an infringement upon the constitutional right of the accused. Yeldell v. State, 100 Ala. 26, 14 So. 570, 46 Am.St. Rep. 20; Peagler et al. v. State, 110 Ala. 11, 20 So. 363; Crawford v. State, 112 Ala. 1, 21 So. 214; Waters v. State, 117 Ala. 108, 22 So. 490; Huskey v. State, 129 Ala. 94, 29 So. 838; 1 Thompson on Trials, §§ 923, 924, 925, 927.

In the case at bar the defendant was convicted of murder in the first degree. His punishment was fixed at death.

The trial court limited the time for argument to thirty minutes on behalf of the state and thirty minutes on behalf of the defendant.

Cases heretofore considered by this court involved no such limitation of argument on behalf of the accused in a capital case.

Cases in other jurisdictions do not indicate such limitations have been frequent.

The interesting discussion in 1 Thompson on Trials, § 927, touching the limitation of argument by the Greeks, and their unique method of timing, as well as the famous case in which Cicero was limited to thirty minutes, serve to illustrate that limitation of argument has always been allowable, but is not to be highly regarded as a precedent for the time limit here imposed. We again caution the courts as in Yeldell v. State, supra, that in fixing such limitations regard must be had to the constitutional rights of the accused.

In the case for review, it is not disputed that the accused slew his common law wife in the room where they resided with their four year old boy; that death resulted from one or more blows with an axe handle, probably in the room for use as a poker. A compound fracture of the skull and other injuries were shown without dispute.

Defendant sought, through his own testimony only, to show another man had intruded into his home, that finding him there after some words, the intruder made a violent attack upon defendant with a knife, and in the fight which followed the deceased was struck unintentionally. Another phase would justify an argument, at least, that the fatal blow was struck from passion-heated blood in connection with this affair.

Defendant's counsel had the right to argue these issues. We are of opinion, however, that, on the whole, little time could be well consumed in such argument.

But, if simulated by the accused, in an effort to present a full defense, the question of the degree of the homicide and the measure of punishment were still within the bounds of legitimate argument.

Without elaborating details we think the gravest question for the solution of the jury was whether there was the positive intention to kill which is an essential element of murder in the first degree.

The evidence bearing on this vital inquiry was not voluminous, but a careful analysis of all the circumstances in the light of the presumption in favor of the accused was a field of argument to which the accused was entitled.

Each case must be considered upon its own record in passing upon whether there was an abuse of discretion, an infringement upon constitutional right, in fixing the time limit for argument. Much ground may be reasonably covered within thirty minutes. On full consideration we cannot say affirmatively there was error in this ruling.

The state offered as a witness the little boy, four years of age, present in the room at the time of the killing, and himself wounded.

Counsel for defendant interposed: "I object to this child being qualified as a witness because he is only four years old, and could not possibly know the meaning of the oath."

The court proceeded to qualify the child by questions and answers about the same as in Crenshaw v. State, 205 Ala. 256, 87

So. 328. The court pronounced the witness competent. No further objection was interposed.

The question is, Should the courts undertake to qualify and admit the testimony of a child of the tender age of four years?

This court has declined thus far to set an age limit for children of very tender years. This is not to say there is no limit.

In Petty v. State, 224 Ala. 451, 140 So. 585, 586, it is said: "The competency of witnesses of tender years rests largely in the discretion of the trial court. Puckett v. State, 213 Ala. 383, 105 So. 211. While the child here was only six years of age, this, of itself, did not render her incompetent as a witness. Bone v. State, 8 Ala. App. 59, 62 So. 455; McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25."

■ A child under seven years of age is conclusively presumed incapable of crime. Hence, such child is not subject to the penalties of perjury, sometimes referred to as a safeguard in the admission of testimony of witnesses who are relieved from the obligation of an oath in the usual form.

The Petty case, supra, as well as others illustrate that the qualification of an infant under seven years has no relation to responsibility to the state for perjury.

■ The exclusion of a witness having good sense, however tender the age, is disfavored because it would often close the door to prove crimes against children themselves. The examination of such witness should be carefully conducted; kept within the range of the child's mind. A little child can clearly know and tell many facts, but be wholly in the dark as to facts, open to the more mature mind.

Leading questions should be avoided. The child should, as far as possible, be permitted to tell what he saw and heard in his own language. Wade v. State, 50 Ala. 164; McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am.St.Rep. 25; Crenshaw v. State, supra, and cases therein cited.

In Wharton's Criminal Evidence (10th Ed.) Vol. 1, Section 366, it is said: "Four years has been assigned as the minimum age, but after this age the question of admissibility is to be decided by the court." Many cases are there cited.

■ Without here declaring a minimum, our own cases, as well as the rule stated by Mr. Wharton, sanctions the ruling admitting the testimony of this four year old child.

We find no error in other rulings of the court, and deem further discussion unnecessary.

Affirmed.

All the Justices concur, except ANDERSON, C. J., not sitting.

The date for executing the sentence of the law having passed, Friday, March 29, 1940, is hereby fixed for executing such sentence.