213 So.2d 244

**Jesse ARGO**

v.

**STATE of Alabama.**

**6 Div. 561.**

Supreme Court of Alabama.

July 11, 1968.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

Robt. C. Barnett, Birmingham, for appellant.

KOHN, Justice.

The appellant (defendant), Jesse Argo, was convicted on the 29th day of March, 1967, in the Circuit Court, Tenth Judicial Circuit of Alabama, for robbery and sentenced to 30 years imprisonment in the penitentiary. The appellant filed a motion for a new trial on the 11th day of April 1967 and this motion was overruled on the 19th day of December 1967. The appellant filed his notice of appeal to the Supreme Court of Alabama on the 19th day of December, 1967.

The appellant was charged with taking the sum of Nine Hundred Dollars ($900) from one Howard Tribble on the 25th day of October, 1961. The appellant, having represented himself to be a pauper, was assigned counsel. On his arraignment, the plea was not guilty, with a reservation to file additional pleas prior to the trial. The case was set for trial on the 11th day of February, 1963.

The appellant's defense was an alibi in that he was living and working in Houston, Texas, at the time of the alleged crime. The appellant found it necessary to file interrogatories to witnesses in Houston, Texas, and moved that the State provide expense money so as to allow the expenses for what he termed material witnesses to be paid to come to Alabama. He made an amended motion and asked for funds to be furnished his attorney to enable him to travel to Texas to locate and interview witnesses. Both of these motions were denied. Thereafter, the appellant propounded interrogatories to several out of State witnesses as provided by law in Title 15, §§ 297, 298, Code of Alabama, 1940, as amended.

The appellant relies on five propositions of law as a basis for the reversal of this case. The first is that the defendant did not get a "speedy and public trial" and therefore in denying such a "speedy

trial" it violated the constitutional rights of appellant.

We do not take issue with the appellant as to the law on the subject of "speedy trial," but find nothing in the record that substantiates appellant's contention that he was denied a "speedy and public trial." Some of the postponements and continuances of the trial were made at the request of appellant, and the other continuances set out in the record were non-conclusive as being adverse to the rights of appellant. We deem this ground without merit.

Next, the appellant claimed he was denied "equal protection under the law" in that he was denied a fund to secure witnesses to testify on his behalf pointing out that the District Attorney had such a fund.

The law of Alabama makes no provisions for such a fund for any indigent defendant, or any other defendant. It is the law in this jurisdiction that a defendant, under the circumstances of this case, may secure the testimony of out of State witnesses by taking depositions of such out of State witnesses as provided by Title 15, §§ 297, 298 Code of Alabama 1940, as amended, supra, and Argo v. State, 42 Ala.App. 454, 168 So.2d 19, cert. den. 277 Ala. 177, 168 So.2d 23.

We are not convinced by the authorities cited by appellant, nor by an independent research of the law, that appellant was denied equal protection due to the fact that this State did not provide appellant with money to seek witnesses in Texas as complained of. Here, the appellant availed himself of the means provided by Alabama law and did present witnesses by interrogatories.

The next basis for error assigned is that the District Attorney in referring to defendant in the closing argument called him a "professional robber."

We find nothing in the record disclosing that the District Attorney referred

to appellant as a "professional robber." We do find in the record, the following quotation:

"MR. BARNETT: (Defendant's attorney): Your Honor, I am going to make a *motion to exclude that.* I haven't objected before.

"There is no evidence whatsoever that this man is a professional.

"THE COURT: I sustain the objection and instruct the jury not to consider the statement just made by counsel."

We have no way of knowing whether the District Attorney used the words "professional robber," or professional whatnot. As stated in the case of Daniel Construction Company v. Pierce, 270 Ala. 522, 120 So.2d 381, decided by this Court in 1960:

"In deciding questions of this sort there can be no hard and fast rule applicable in every case. Each question must be decided in the light of the peculiar facts and circumstances involved, and the atmosphere created, in the trial of each particular case. * * *"

And in paragraph (5) of *Daniel Construction Company* supra, several Alabama authorities are cited involving criminal as well as civil trials.

In this case before us, just as in the *Daniel Construction Company* case, supra, all of the argument of the District Attorney was not included in the record. We, therefore, not having all the argument before us, have no way of knowing the context in which the remark was made.

■ In Cross v. State, 68 Ala. 476, Justice Stone, before he was Chief Justice, in speaking for the Court, reviewed the law governing the range of advocacy that should be permitted to take place before a jury, and among other things, this scholarly opinion held:

"* * * It is only when the statement is of a substantive, outside fact— stated as fact—and which manifestly bears on a material inquiry before the jury, that the court can interfere, * * *"

This opinion was also authority for the principle that: "The presiding judge, as a rule, will best determine when discussion is legitimate, and when it degenerates into abuse and undue license." Cross v. State, supra. Nothing in the record discloses an abuse of the trial court's discretion relating to the complained of remark under the facts as set out in the record.

Next, the appellant complains that it was prejudicial error to allow the defendant to be exhibited before the jury in "shackles."

We find nothing in the record or the exhibits attached as a part of the record that discloses that this defendant was in shackles in the presence of the jury.

■ In conclusion, the appellant argued that the so-called "free transcript law," Title 15, Section 380(14–25), Code of Alabama, 1940, as amended, is unconstitutional per se, and that it was error to try the defendant thereunder.

We examined the case of Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577, and do not agree that it should influence this opinion. Here, the record discloses that the defendant received the benefit of the so-called "free transcript law" and we find no basis for concluding that to be tried under it by any stretch of the imagination violated the constitutional rights of defendant.

After a careful examination of the record and the briefs, and the law governing the principles involved in this appeal, we are unable to conclude that the appellant was deprived of a fair trial or that anything complained of warrants a

reversal. For the reasons noted, let the judgment be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.