274 So.2d 360

**Joseph DAVIS, alias**

v.

**STATE.**

**6 Div. 358.**

Court of Criminal Appeals of Alabama.

Dec. 19, 1972.

Rehearing Denied Jan. 23, 1973.

Van Gamble, Richard L. Taylor, Birmingham, for appellant.

William J. Baxley, Atty. Gen. and Herbert H. Henry, Asst. Atty. Gen., for the State.

MURLAND SMITH, Circuit Judge.

The defendant was convicted of robbery and sentenced to ten years imprisonment in the penitentiary. He appeals and seeks a reversal on any one of the three following propositions:

1. That the victim's in-court identification of defendant was tainted by an out-of-court identification of defendant at a police lineup at which defendant was not represented by counsel.

2. That the Court erred in permitting the State to prove an alleged voluntary statement by defendant without "Miranda" warnings.

3. That the Court erred in sustaining the State's objection to argument of defense counsel that the State had produced no fingerprint evidence.

I

■ The victim of the robbery, Mrs. Gordon, made an in-court identification of

the defendant. This identification was positive. After cross-examination, the State, on redirect examination, brought out the fact that Mrs. Gordon had previously identified the defendant in a lineup at the police station. No showing was made that the defendant had counsel or waived the right to counsel. However, the victim was asked who was present at the lineup and her answer was "two detectives." In this posture of the evidence, we must assume that the defendant did not have counsel and did not waive the right to counsel.

The burden thereupon shifted to the State to show that the in-court identification was not tainted by the identification at the lineup at the police station. See Robinson v. State, 45 Ala.App. 236, 228 So.2d 850.

The record discloses that all of the criteria set forth in the case of Robinson v. State, supra, were met in this case by the State as follows:

1. Prior opportunity to observe crime —The victim's testimony was that the defendant was two feet from her face during the robbery.

2. Existence of discrepancy between pre-lineup description and actual description—The description given by the victim to the police including the defendant's clothing matched the description of the defendant when he was apprehended five or ten minutes after the robbery.

3. Identification prior to the lineup of someone other than defendant— There is no evidence in the record that the victim ever identified any person other than defendant as the robber.

4. Identification of defendant by picture before lineup—There is no evidence in the record of any identification from pictures.

5. Failure to identify defendant on a prior occasion—The evidence is that there was only one lineup. The evidence is that defendant was lined up with six or eight other black males of the same general size and build as defendant; that defendant was not dressed the same at the lineup as at the robbery and that Mrs. Gordon, the victim, identified defendant immediately upon seeing him in the lineup.

6. Lapse of time between the crime and lineup identification—The lineup identification was four days after the robbery.

■ The State has proven all that is required of it under the tests set forth in Robinson v. State, supra, and the defendant is not entitled to a reversal because the victim identified defendant at a lineup when defendant was not represented by counsel. Shewey v. State, 48 Ala.App. 730, 267 So.2d 520.

*II*

This Court has held several times that "Miranda" warnings, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, have no application to volunteered statements made by a defendant whether in custody or not.

The record shows the defendant had an accomplice in the robbery, for which he stands convicted. Nowhere in the record is there any identification of the accomplice, except, the record shows that when the defendant and another person were approached by police officers, in the vicinity of the robbery and a short time thereafter; the defendant and his then companion fled and when defendant was apprehended a block or two away, he said, "Did you get Edwards?", or words to that effect.

■ If we assume that Edwards was the defendant's accomplice and that the statement was confessory in nature, "Miranda" has no application, (See Ison v. State, 281 Ala. 189, 200 So.2d 511; and

**590**

Truex v. State, 282 Ala. 191, 210 So.2d 424).

### III

The record discloses during closing arguments defense counsel made the following statement, "The State has introduced no evidence they took any fingerprints, made an attempt to take any fingerprints, or anything like that," to which objection was sustained.

A search of the entire record in this case fails to disclose whether the State took or did not take fingerprints; attempted or did not attempt to take fingerprints.

■ Counsel has a right to argue any reasonable inference from the evidence or lack of evidence.

■ Defense counsel cross-examined the investigating officers and had every right to inquire and determine whether there was any attempt to get fingerprint evidence, and then argue any reasonable inference arising from such cross-examination. Counsel had no right to create evidence by his argument. The case of Waller v. State, 242 Ala. 1, 4 So.2d 911, cited by appellant, is not applicable as it dealt with the right to comment on a party's failure to call a favorable witness.

Having considered the entire record under Code of Alabama 1940, Title 15, Section 389, we conclude that the judgment of the Circuit Court is due to be affirmed.

The foregoing opinion was prepared by Honorable F. MURLAND SMITH, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code of Alabama 1940, as amended; the Court has adopted his opinion as its own.

The judgment below is hereby

Affirmed.

All the Judges concur.