274 So.2d 363

In re Joseph DAVIS, alias

v.

STATE.

Ex parte Joseph Davis, alias.

SC 251.

Supreme Court of Alabama.

March 8, 1973.

Van Gamble and Richard L. Taylor, Birmingham, for petittioner.

MADDOX, Justice.

Petition of Joseph Davis, Alias, for Certiorari to the Court of Criminal Appeals to review and revise the judgment and decision of that Court in Davis, alias v. State, 49 Ala.App. 587, 274 So.2d 360.

Writ denied.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, McCALL and FAULKNER, JJ., concur.

HEFLIN, C. J., and JONES, J., dissent.

HEFLIN, Chief Justice (dissenting):

I would grant the writ in this case.

The defense counsel's argument before the jury contained the following statement, which was objected to by the prosecuting attorney and excluded from the jury's consideration by the trial court:

"The state has introduced no evidence they took any fingerprints, made an attempt to take any fingerprints or anything like that."

This ruling was affirmed by the Court of Criminal Appeals and has been presented to this court by way of a petition for writ of certiorari. I feel the defense attorney was within the bounds of legitimate argument in commenting on the absence of evidence pertaining to fingerprints.

The duty of counsel is to establish the truth and aid the jury in determining the true facts of the case, and closing argument is an aid to the jury to enable that body to arrive at correct conclusions. To this end the very fullest freedom of speech should be accorded to counsel in making his closing remarks. Cross v. State, 68 Ala. 476 (1881); Bryson v. State, 264 Ala. 111, 84 So.2d 785 (1956); Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967); Argo v. State, 282 Ala. 509, 213 So.2d 244 (1968); Embrey v. State, 283 Ala. 110, 214 So.2d 567 (1968).

Closing argument has traditionally been, and remains today, one of the bulwarks of our legal system, without which counsel would be denied the right to present his client's case to the jury in the light most favorable to him. No other aspect of trial procedure affords the parties this unique opportunity, and in no other single phase of the trial may the attorneys' experience, judgment, skill and persuasiveness be employed to any greater extent.

Closing argument is the culmination of the trial and the attorney's final opportunity to present to the jury his client's cause. The attorney does his client a disservice if he fails to employ every legitimate means available to him in the cause of his client. The adversary nature of our judicial system, as well as justice and complete service to the client, demand that counsel be given the fullest possible latitude in closing argument, and that he not be inhibited by the trial court until and unless it is made clear and manifest to that court that counsel's argument has transversed the outer edge of the area which encircles legitimate argument, separating it from impermissible prejudicial comment. The high regard which has been given closing argument is manifest in Jackson v. State, 239 Ala. 38, 193 So. 417 (1940), wherein this court robed final summation with the cloak of constitutional protection. In *Jackson* it was stated

that an abuse of discretion by the trial court within the realm of closing argument violates Article I, Section 6, of the Alabama Constitution, which guarantees the accused the right to be heard. See also 6 A.L.R.3d 604.

A number of Alabama cases have allowed counsel in closing argument to comment on the lack or absence of certain evidence or testimony. In Welch v. State, 278 Ala. 177, 176 So.2d 872 (1965), the solicitor's comment that there was no evidence that defendant was a citizen of the county in which he was tried was held to be permissible. On one occasion this court, as then constituted, even hurdled the barrier that the State may not comment on the failure of the defendant to testify, when it allowed the prosecuting attorney in closing argument in Beecher v. State, 280 Ala. 283, 193 So.2d 505, rev. 389 U.S. 35, 88 S.Ct. 189, 19 L.Ed.2d 35 (1966), to comment on a void in the evidence by asking the question, has anyone taken the stand saying that defendant had not killed the victim.

Again, in Welch v. State, 263 Ala. 57, 81 So.2d 901 (1955), the prosecutor was allowed to state that the defense had not offered any evidence. This is certainly a comment on the absence of evidence.

In the case under review the defense attorney's comments about the void in evidence concerning fingerprints is not anywhere as close to prejudice as were the comments allowed the prosecuting attorneys in the Alabama cases mentioned above. See also 68 A.L.R. 1139–1146.

There is another reason why the comments by the defense attorney in the case under review should have been allowed. This involved the burden of proof in a criminal case. The burden of proof is on the State to prove the accused guilty beyond all reasonable doubt. Such doubt may be generated from a *lack of evidence* as well as from the evidence. Stafford v. State, 33 Ala.App. 163, 31 So.2d 146

(1947); Earnest v. State, 40 Ala.App. 344, 113 So.2d 517 (1959).

In Carwile v. State, 148 Ala. 576, 39 So. 220 (1905), this court approved the following charge:

"The absence of sufficiently satisfying evidence before the jury may offer ground for reasonable doubt of the defendant's guilt."

The word "absence" in this charge has an obvious, natural tendency to focus the jury's attention on, and invites the jury to entertain the thought of, any possible lack of or void in the evidence adduced by the State, as well as the want of persuasiveness of the evidence introduced by the State.

With this principle in mind the defendant is entitled to argue any and all voids in the evidence in an effort to sufficiently satisfy the jury that a reasonable doubt exists.

The wide-latitude-of-argument rule is inexorably linked to the basic right of counsel. In our adversary system, the discretion of the trial court to control the conduct of the trial must not be exercised so as to unduly circumscribe the legitimate role of counsel. R. C. Bottling Co. v. Sorrells, 290 Ala. 187, 275 So.2d 131 (decided March 8, 1973). However weak, or improbable of jury appeal, or vulnerable to reply or answer in kind this comment may have been, it was one of the weapons in the arsenal of defense of the defense counsel, and the wisdom of its use is not the test of its propriety. When fundamental rules are applied to the case at hand, I would hold that the trial court abused its discretion in sustaining the objection to counsel's argument.

The winds of erosion continue to threaten our adversary system. I would endeavor to calm these winds, rather than increase their velocity.

JONES, J., joins in the foregoing dissent.