PER CURIAM.
Appellant-defendant was indicted for selling marijuana contrary to Act 1407, Section 401(a), Acts of 1971, and in Count II for selling lysergic acid diethylamide (LSD) contrary to the law, supra. He entered a plea of not guilty. The jury convicted him as charged. The trial court imposed sentence of eight years imprisonment in the penitentiary.
I
Defendant contends on this appeal that the court committed reversible error in refusing to let him introduce pictures of himself and his brother. He asserted that the under-cover agent, who allegedly made the purchase of the drugs listed in the indictment, was mistaken in his in-court identification of the defendant, and that it was his brother and not himself who was the guilty party.
The mother of defendant testified that the picture of defendant was made “about four years ago,” that the picture of her other son was made “five or six years ago.” She further testified that “that is exactly how they looked at that time.” The State objected because the pictures were too remote and had no relevancy in July, 1974, when the alleged offense occurred. The trial court observed, after *776 looking at the pictures, that “People’s characteristics can change in four or five years. They can look a whole lot different from the time—in four or five years from the time the pictures were made.”
The record further shows that the brother at the time of trial was available to court process, which could have been issued at defendant’s instance, but he was not subpoenaed. Defendant depended on his brother’s unkept promise to appear in court.
The court sustained the State’s objection to admitting the pictures in advance. The ruling was free of error.
We observed in Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396(7) as follows:
“The late Justice Thomas of the Supreme Court stated the following rule in Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216, 217: ‘As a general rule, facts are deemed relevant which logically tend to prove or disprove the fact in issue, or which afford a reasonable inference or shed light upon the matter contested; and facts bearing so remotely upon or collaterally to the issue that they afford merely conjectural inference concerning the facts in issue should not be admitted in evidence.’ See also Martin v. State, 16 Ala.App. 406, 78 So. 322; Barnes v. State, 31 Ala.App. 187, 14 So.2d 242; Taylor v. State, 31 Ala.App. 590, 20 So.2d 239.”
The Supreme Court observed in Fletcher v. State, 291 Ala. 67, 277 So.2d 882(6) as follows:
“Photographs are admissible into evidence if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, to corroborate or disprove some other evidence offered or to be offered. Knight v. State, 273 Ala. 480, 142 So.2d 899 (1962). Their admission is within the sound discretion of the trial judge. We can discover no error in his ruling against allowing into evidence a photograph of Conley, the victim, while alive.”
The trial court saw the pictures and also the defendant in court, and had the opportunity to pass judgment on the relevancy of the pictures. We are unwilling to say that he abused his discretion in sustaining the State’s objection.
II
Appellant here asserts that the trial court committed manifest error in restricting the argument of his counsel to fifteen minutes. We conclude that there was no error in this restriction.
The Supreme Court of Alabama observed in Jackson v. State, 239 Ala. 38, 193 So. 417, as follows:
"Each case must be considered upon its own record in passing upon whether there was an abuse of discretion, an infringement upon constitutional right, in fixing the time limit for argument. Much ground may be reasonably covered within thirty minutes. On full consideration we cannot say affirmatively there was error in this ruling.”
We note that defendant in Jackson was convicted of murder in the first degree, and sentenced to death. The trial judge restricted the argument of counsel to thirty minutes. The judgment was affirmed.
We hold that the identification of defendant, and his guilt or innocence of the offenses charged in the indictment, was an issue for the jury to decide.
The judgment is affirmed.
AFFIRMED.
All the Judges concur.