The appellant was indicted and convicted for robbery and sentenced to ten years' imprisonment. Appellant's court appointed trial counsel was also appointed to represent him on appeal.
The evidence presented by the state reveals that around 7:30 on the evening of September 29, 1975, the appellant robbed a Jitney Jr. convenience store in Leeds, Alabama. The defense was alibi. The ex-wife of the appellant testified that she had cardio-vascular surgery at the University Hospital in Birmingham on the day of the robbery and that the appellant was at her bedside. The sister of this patient testified that she saw the appellant in the hospital room around 5:30 P.M. on the day of the robbery.
 I
The appellant alleges that he was denied a reasonable time to obtain counsel of his own choosing. On the morning his cause was scheduled for trial the appellant fired his court appointed attorney in order to obtain the services of an attorney of his own selection. Upon the appellant's assurance that he could and would retain new counsel, the trial judge continued the proceedings until the following morning. At that time however, new counsel was not present nor committed to the appellant's defense and the trial judge refused to grant another continuance. From the record it affirmatively appears that the appellant had ample time between arrest and trial to obtain counsel of his own choosing. It is also clear that the counsel the appellant sought was not familiar with the case and had not discussed the particulars of the case with the appellant. Under these circumstances the trial judge did not abuse his *Page 413 
discretion and we find no error in his refusal to grant a second continuance. Fisher v. State, Ala.Cr.App., 346 So.2d 4, cert. denied, Ala., 346 So.2d 8 (1977).
 II
It is also alleged that the in-court identification of the appellant was inadmissible because the appellant was without counsel at a pretrial line-up and because the appellant had been identified from a picture prior to the line-up procedure.
Linda Gail Tucker, an employee of Jitney Jr., positively identified the appellant as the man who robbed her. She testified that he entered the store two separate times that afternoon before the crime was actually committed. Immediately after the robbery she gave the police a description. About three days after the robbery Ms. Tucker was shown a photographic display by a detective of the Leeds Police Department. Without any assistance or suggestion Ms. Tucker identified the appellant's photograph which had his name on the back. It affirmatively appears that Ms. Tucker did not know the appellant's name before viewing the photographs. Two days later Ms. Tucker was notified by the Leeds Police Department that they had a man in Florence that they wanted her to view in a line-up. Sometime before this Ms. Tucker was again shown the photographic display which consisted of six photographs. Ms. Tucker was then taken to Florence to view a line-up. After she identified the appellant, the police told Ms. Tucker his name.
After carefully reviewing all the testimony, we are of the opinion that there was no taint of suggestiveness in any pretrial identification which would vitiate the eye witness's in-court identification of the appellant. The facts simply do not lend themselves to such an interpretation. Schillaci v.State, Ala.Cr.App., 347 So.2d 552, cert. denied, Ala.,347 So.2d 556 (1977); Fletcher v. State, Ala.Cr.App., 337 So.2d 58
(1976); Impson v. State, Ala.Cr.App., 331 So.2d 837 (1976);Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala., 339 So.2d 601 (1976); Jackson v. State, 56 Ala. App. 276,321 So.2d 243 (1975); Manson v. Brathwaite, 432 U.S. 98,97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). As the corporeal identification of the appellant was conducted before the initiation of any adversary judicial criminal proceedings, whether by way of formal charge, preliminary hearing, indictment or arraignment, the right to counsel at the line-up had not attached. Moore v. Illinois, ___ U.S. ___,98 S.Ct. 458, 54 L.Ed.2d 424, decided December 12, 1977.
 III
In closing argument the Deputy District Attorney argued that the appellant could have called some independent and impartial witnesses (hospital personnel) to support his alibi, the clear inference being that no such witnesses would have been able to validate his alibi.
Counsel for the party to whom a particular person is not available as a witness may comment upon the failure of the other party to whom that person is available to call him as a witness. Jarrell v. State, 251 Ala. 50, 36 So.2d 336 (1948). The availability of a witness to one or the other of the parties is determined first, by the party's superior means of knowing of the existence and identity of the witness. Brown v.State, 50 Ala. App. 471, 475, 280 So.2d 177 (1973).
In Alabama a defendant is not required to notify the state of an alibi defense. Therefore, in most cases, the state has no way of knowing which witnesses would or could testify as to the whereabouts of the accused at the time of the offense in establishing an alibi defense. Indeed, generally the state would not even know of the existence of the alibi defense until such testimony came from the witness stand. Therefore since the appellant was in a superior position to know of the existence and identity of his alibi witnesses it was not error for the state to comment upon his failure to produce other witnesses whose testimony would presumably aid the appellant or substantiate his story if the story were true. The prosecutor's comments *Page 414 
were only a reasonable inference and deduction from the evidence, especially in view of the fact that on cross examination of a defense witness the Deputy District Attorney elicited testimony that the appellant was present in the hospital room when medical personnel came in.
 IV
Finally, the appellant contends that error resulted in the District Attorney's closing argument when reference was made to Sergeant Boggs' control over the appellant. From the record:
 "You heard the testimony of both Mrs. Ward and I think Sergeant Boggs, who testified that he was on leave. He was on leave from, that he was in Florence, Alabama. Sergeant Boggs, obviously, from his testimony had some control over this man.
 "MR. ANDERSON: Objection, repetitious and irrelevant.
 "THE COURT: Overruled to that part that Sergeant Boggs said that he had some type of contact with him where he knew of his coming and going.
I'll overrule.
 "MR. DUNN: (Continuing) And then that he reported back in to Sergeant Boggs.
 "Now, I will leave to your imagination whatever inference you want to draw from that fact. You can infer anything you want to from that testimony. I think if you use your common sense though, you can draw a conclusion from that testimony."
Ms. Ward, a defense witness, testified that the appellant was present at her bedside when she awoke after surgery because she had asked his supervisor in Florence if he could be there; that the appellant was living in the county jail in Florence; that he had had one "leave" before he came to visit her in the hospital; and that she had contacted the troopers' office in Florence on the morning of her surgery to see if the appellant had been granted leave.
Following Ms. Ward's testimony and out of the presence of the jury the court stated that it was not going to permit the defense to prove the appellant's general reputation in the community by showing that he was a good prisoner and a trusty. The judge then stated that he did not want the next witness
 "blurting out anything about how they sent this man (appellant) up here (Florence) from the penitentiary or he was up there on a robbery rap and had seventy years or anything like that, and I don't want him getting into the man's reputation unless the questions are specifically asked. . . ."
Comments by the trial judge reveal that the appellant was a state prisoner serving as a trusty at the State Trooper Office in Florence; that he was serving a total sentence of seventy years for two robbery convictions; and that he was on leave when the robbery under review was committed.
The next witness, James Boggs, testified that he was employed by the State of Alabama Department of Public Safety in Florence, Alabama; that he knew the appellant; and that the appellant was given emergency leave beginning at 8:00 A.M. on September 29th and returned to Florence three days later. All of this evidence was either elicited by defense counsel or without objection of any type and was therefore properly before the jury.
In view of the testimony before and after the admonition of the trial court, it is our opinion that the argument of the Deputy District Attorney was a proper and legitimate inference from the facts and did not constitute a violation or infringement of the ruling of the trial court. The prosecutor has a right to argue any and every reasonable inference from the evidence or from the lack of evidence. Davis v. State,49 Ala. App. 587, 274 So.2d 360, cert. denied, 290 Ala. 364,274 So.2d 363 (1972); May v. State, 42 Ala. App. 401, 166 So.2d 860, cert. denied, 277 Ala. 700, 166 So.2d 865 (1963); White v.State, 41 Ala. App. 54, 123 So.2d 179, cert. denied, 271 Ala. 702, 123 So.2d 186 (1960). See also cases collected at 6A Alabama Digest, Criminal Law, 720 (6), (7). *Page 415 
Also the objection to the prosecutor's argument on the grounds of it being "repetitious and irrelevant" is not well taken. A party cannot justly complain of the action of the trial court in overruling an objection to argument based solely on an invalid ground. Harris v. State, Ala.Cr.App.,333 So.2d 894 (1976); Jordan v. State, 32 Ala. App. 172, 24 So.2d 138, cert. denied, 247 Ala. 304, 24 So.2d 140 (1946).
We have carefully reviewed the record and finding no error are of the opinion that the judgment of the trial court is due to be affirmed.
AFFIRMED.
All Judges concur.