Michael Otis Mitchell was indicted for sodomy in the first degree in violation of § 13A-6-63, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment" and following a sentencing hearing the appellant was sentenced to life imprisonment in the penitentiary.
The mother of the victim in this cause testified that she resided at 2115 Hoppin Street in Mobile, Alabama. The victim was identified as her six year old son. On April 11, 1983, she received a typewritten letter from one Michael O. Mitchell. This letter stated in part that Mitchell had been professionally trained as a child counselor and *Page 593 
that her son had been observed disrobing outside her home on numerous occasions. The letter further indicated that the child's disrobing could mean that he had a serious psychological problem and that appellant would like to counsel her son. The letter was signed "Mr. Michael O. Mitchell, President/Child Counselor." (R. 20-21).
She received another letter from Mitchell on April 21, 1983. This letter was much the same as the first one received and advised her that his service could be of help in correcting this problem. These letters were in substantially the same condition as when she received them and had been in her care, custody and control until the day of trial. She further testified that she had grown up on Hoppin Street and had gone to high school in that area. She knew of Michael Mitchell during the time she was growing up and when she received these letters she recalled just who Mitchell was.
On August 16, 1983, her son wanted to go play with a friend across the street from his home. This child lived beside the appellant. After the victim had been away from home for approximately 20 minutes, he was called to come home. She observed her son come out from the back porch area of appellant's home. Upon arriving home the victim had a conversation with her and as a result of this conversation she called the police. As a result of her conversation with the police, she took her son to the hospital where he was examined by a doctor. The following day she signed a warrant for the arrest of appellant.
On August 31, 1983 she received a letter from appellant. The letter was written by appellant while he was in jail and was an appeal to her to drop the charges against the appellant. The letter contained a check made out to her in the amount of $20.00 and appellant wrote that such funds could be used to help with her son's education. She never cashed the check.
The six-year-old victim, on examination by the court, testified that he knew what it meant to tell the truth, that his mother had told him to always tell the truth and that he always told the truth. He further stated that he knew that he was supposed to tell the jury the truth and that he intended to do so.
On direct examination he testified that he knew who Mike Mitchell was and identified a picture of appellant. He stated that the appellant had touched him with his (appellant's) "penis" and that appellant then put his (appellant's) "penis" inside the victim's rectum. He further testified that this event took place at the appellant's house.
Dr. Joseph Wallace testified that he was a medical doctor employed by the University of South Alabama Medical Center. On August 16, 1983 he examined the victim in this cause with the complaint of having been sexually assaulted. He performed a test on the child's stool and discovered blood present. He examined the child's rectum and discovered that the inside of the child's anus was abnormally red and had areas which bled easily. He stated that none of his findings were normal and that such conditions could be consistent with the sex act allegedly performed on the child.
Johnny Jones testified that he was employed by the Mobile Police Department, Juvenile Section. On September 17, 1984, Officer Jones and Officer Julius Schulte went to 2114 Hoppin Street in Mobile in order to execute a search warrant. They obtained permission to search the home from one Connie Walthers as evidenced by a signed consent form. In the attic of the home the officers found a bag which contained a number of 5 x 7 cards. These items remained in the custody of Jones and he stated that they were in substantially the same condition at trial as when he seized the items.
Julius Schulte testified that he was employed by the Mobile Police Department, Juvenile Section. On September 25, 1984 he turned over a 5 x 7 card to Joe Wright, an investigator for the Mobile District Attorney's office. This card had been in the possession of the Mobile Police Department from the time it was seized until the day he turned it over to Wright. The card was in *Page 594 
the same condition on the day of trial as when he turned it over to Wright.
Herschel McLain testified that he worked for the Mobile Police Department, Juvenile Section. He initiated the investigation of this cause and identified a picture of appellant which was taken shortly after appellant's arrest in August, 1983. He further testified that the appellant stated his age to officers on the day of arrest. McLain believed appellant's age to be 33 at the time of trial.
Lamar Miller testified that he was a forensic document examiner employed by the Alabama Department of Forensic Sciences. A substantial part of his job is comparing handwriting samples. In the present cause he examined a collection of handwriting samples made by the appellant. One exhibit he received was a set of 15 sheets of paper, each with the name Michael Otis Mitchell and the victim's mother's name signed by appellant. A further exhibit he received was a paragraph copied from a newspaper by the appellant. He examined the handwriting on these exhibits and compared it to the handwriting on the check sent to the victim's mother, the letter written to the victim's mother asking her to drop the charges against appellant, and the handwriting on the envelope in which these items were mailed to the victim's mother. He further compared the known writing samples of appellant with handwriting on a 5 x 7 card which read "F___ Curts rectum until sperm". It was Miller's opinion that the appellant was the one who wrote each exhibit examined by him.
The victim's mother was recalled to the stand and testified that on August 16, 1983 her son was only five years old.
The appellant did not present any testimony in his defense.
 I
The appellant contends that the trial court erred in allowing two letters sent to the victim's mother by the appellant into evidence. He specifically contends that such letters were irrelevant and immaterial to the charge of sodomy. In these letters appellant advised the victim's mother that he was a trained child counselor, he had noticed that her son had a potential psychological problem and he offered counseling for her son.
"Generally, a determination of admissibility of evidence rests within the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion." U.S. v. Penn, 721 F.2d 762 (C.A.Ala. 1983);U.S. v. Dothard, 666 F.2d 498 (C.A.Ala. 1982); Ward v. State,440 So.2d 1227 (Ala.Crim.App. 1983); Wicker v. State,433 So.2d 1190 (Ala.Crim.App. 1983). Evidence is relevant if it has "any tendency to throw light upon the matter in issue, even though such light may be weak and falls short of demonstration."McCain v. State, 46 Ala. App. 627, 247 So.2d 383 (1971); Austinv. State, 434 So.2d 289 (Ala.Crim.App. 1983). "Any fact which has causal connection or logical relation to another fact, so as to make the other fact either more or less probable, is competent or relevant." Hurst v. State, 397 So.2d 203
(Ala.Crim.App.), cert. denied, 397 So.2d 208 (Ala. 1981);Waters v. State, 357 So.2d 368 (Ala.Crim.App.), cert. denied,357 So.2d 373 (Ala. 1978). Further, evidence is relevant if it has any probative value, however slight, upon a matter at issue in the case. C. Gamble, McElroy's Alabama Evidence, § 21.01 (3d ed. 1977).
In the present case, the letters written by appellant demonstrated an interest in the victim. They were relevant and material to the charge under the indictment and therefore the trial court properly admitted them into evidence.
 II
The appellant contends that the trial court erred in denying his motion to exclude on the grounds that the State did not prove beyond a reasonable doubt that he was over the age of 16 at the time of the offense. We do not agree.
The victim's mother testified that she had grown up on Hoppin Street. She went *Page 595 
to high school in that area, knew of the appellant during that time, and knew that he lived on that street. She moved away from Hoppin Street for some 18 years before returning to live there again. She further stated that although she had never seen appellant's birth certificate she "realized he was older than 16" years.
Officer Herschel McLain testified that appellant told him how old he was on the day of appellant's arrest. He further stated that he believed the appellant to be 33 years old at the time of trial.
A review of the evidence in this cause indicates that such testimony was properly a fact to be determined by the jury. The evidence does not support appellant's contention.
 III
This appellant contends that the trial court erred in denying his motion for judgment of acquittal. He argues that the State failed to make out a prima facie case because no proof of sexual gratification was offered. He further argues that sexual gratification is an essential element of the crime of sodomy in the first degree.
The statute under which the appellant was charged reads as follows:
"§ 13A-6-63. Sodomy in the first degree
 "(a) A person commits the crime of sodomy in the first degree if:
 (1) He engages in deviate sexual intercourse with another person by forcible compulsion; or
 (2) He engages in deviate sexual intercourse with a person who is incapable of consent by reason of being physically helpless or mentally incapacitated; or
 (3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old.
 (b) Sodomy in the first degree is a Class A felony. (Acts 1977, No. 607, p. 812 § 2315.)"
Ala. Code § 13A-6-63 (1975).
Section 13A-6-60 (2), Code of Alabama 1975 defines deviate sexual intercourse as "[a]ny act of sexual gratification between persons not married to each other, involving the sex organs of one person and the mouth or anus of another."
Appellant's argument that sexual gratification is an element of the offense charged is without merit. A close reading of the statute reveals that the legislature intended for the actitself to be condemned. Sexual gratification is merely a definitional component of the crime and not an essential element which must be proved at trial. Even if such was an essential element of the crime, proof of such may be inferred by the jury from the act itself. Cf. Ex parte Cofer,440 So.2d 1121 (Ala. 1983) and Parker v. State, 406 So.2d 1036
(Ala.Crim.App.), cert. denied, 406 So.2d 1041 (Ala. 1981) (sexual abuse cases).
This record reflects that the State did, in fact, make out a prima facie case of sodomy in the first degree and the trial judge acted properly in denying appellant's motion for judgment of acquittal.
 IV
The appellant contends that the trial court erred in allowing the six-year-old victim to testify. He specifically argues that the victim was an incompetent witness.
"The courts of this state have not set a limit for children of tender age to testify. It is the duty of the trial court to examine a child of tender years, and in its discretion, determine if the child has sufficient intelligence to observe, recollect and narrate what occurs, and has sufficient mental capacity to be a witness. In the case of Jackson v. State,239 Ala. 38, 193 So. 417 [1940] Justice Bouldin stated:
 `The exclusion of a witness having good sense, however tender of age, is disfavored because it would often close the door to prove crimes against children themselves.'"
Cole v. State, 443 So.2d 1386, 1390 (Ala.Crim.App. 1983). *Page 596 
We have reviewed all of the testimony of the victim in this cause and find no error in the trial court's determination of his competency. The appellant has the burden of establishing the victim's incompetency. Roberson v. State, 384 So.2d 864
(Ala.Crim.App.), cert. denied, 384 So.2d 868 (Ala. 1980);Harville v. State, 386 So.2d 776 (Ala.Crim.App. 1980). Consequently, we find no error in the trial court allowing the victim to testify. Jackson v. State, 414 So.2d 1014
(Ala.Crim.App. 1982); Miller v. State, 391 So.2d 1102
(Ala.Crim.App. 1980).
We have examined the record in this cause for error and find none therein. The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.