TYSON, Judge.
Ted Rivers was indicted for the unlawful sale of marijuana in violation of § 20-2-70, Code of Alabama 1975. The jury found the appellant “guilty as charged in the indictment.” The trial judge set sentence at 12 years’ imprisonment in the penitentiary.
I
The appellant raises two issues on appeal. First, the appellant contends the trial judge erred by failing to give two of his written requested instructions concerning identification testimony. The record does not disclose any objection by the appellant to the trial court’s failure to give these instructions. Allen v. State, 414 So.2d 989 (Ala.Crim.App.1981), affirmed 414 So.2d 993 (Ala.1982). Therefore, this issue has not been preserved for our review. Rule 14, Alabama Temporary Rules of Criminal Procedure.
II
Secondly, the appellant challenges the sufficiency of the evidence at trial.
Dorothy Johnson, an officer with the Do-than Police Department, was working undercover on the night of October 23, 1984. At approximately 9:30 she went to Buck’s Place in Dothan and parked. The appellant approached her and asked if she wanted to buy some dope. She replied that she did. Johnson gave the appellant $30 and he gave her a plastic bag of plant material. Upon examination by Joseph Saloom of the Department of Forensic Sciences, it was found that the plant material contained 3.26 grams of marijuana.
Although the appellant, Rivers, denied that he committed this offense, there was sufficient evidence presented by the State from which the jury could conclude, by fair inference that the appellant was guilty of the unlawful sale of marijuana. Baker v. State, 477 So.2d 496 (Ala.Crim.App.1985); Bowman v. State, 331 So.2d 775 (Ala.Crim.App.1976), cert. denied, 331 So.2d 777 (Ala.1976); Jackson v. State, 418 So.2d 234 (Ala.Crim.App.1982).
No error is shown. This case is, therefore, due to be affirmed.
AFFIRMED.
All the Judges concur.