BOWEN, Judge.
Eddie Johnson and his brother, Tab Ma-jester Watkins, were separately indicted for the murder of Wallace Edward Smith in violation of Ala.Code 1975, § 13A-6-2. By agreement, their cases were consolidated for trial. Each man was convicted of murder and sentenced to thirty years’ imprisonment. On this appeal from those convictions, both Johnson and Watkins contend that the prosecutor committed error in his closing argument to the jury by arguing flight when such was not in evidence.
The facts surrounding this issue are not disputed. On two separate occasions in his closing argument, the prosecutor made a direct reference to the flight of one of the defendants. Those statements by the district attorney were:
“He went from here to Pickens County, passing who knows how many clinics and hospitals, to get medical help down there. Why? I believe Judge Reynolds ... or at least I submit to you that flight is knowledge of guilt.
“With the help of the Jefferson County Sheriff’s Department, with the help of the District Attorney’s Office, through the help of the U.S. Marshal’s office, through the help of the F.B.I., and the Detroit Police Department, Tab Watkins and Eddie Johnson ...”
On each occasion, defense counsel specifically objected on the ground that there was no evidence of flight before the jury and requested a mistrial. On each occasion, the trial judge overruled the objection and denied the requested mistrial.
In denying the State’s request to instruct the jury on the principle of flight, the trial judge stated:
“The only evidence that I recall that would be arguable to support a charge of flight was the fact that Sgt. Duke elicited the aid of the U.S. Marshal’s Office on a fugitive from justice warrant, and the aid of the Detroit Police. I deny, Mr. Linton [assistant district attorney], any charge on flight. I will give you an *646 exception. That is a little close question I think.”
Viewing the evidence in the light most favorable to the State, as we are required to do, the State’s evidence provides the reasonable inferences that, around 8:00 on the evening of November 11, 1986, in the Bessemer-Cutoff division of Jefferson County, the defendants and the victim were involved in a scuffle which ended when Johnson shot the victim with a shotgun and Watkins shot him with a pistol. Immediately after the shooting, both defendants left the scene.
The next day, Johnson arrived at his father’s house in Uniontown. This was the first time in eight to ten years that Mr. Johnson had seen his son. Mr. Johnson took his son to a doctor, who rendered medical attention to Johnson’s broken foot. Johnson left his father’s house the next day without telling his father where he was going.
After interviewing the defendant’s father and a doctor in Uniontown, Jefferson County Deputy Sheriff J.O. Duke contacted the F.B.I. and obtained a warrant for “unlawful flight to avoid prosecution.” Deputy Duke also testified that in this investigation he enlisted the aid of two municipal police agencies: “The Union Town, Alabama, Police Department, and the Detroit, Michigan [police].”
“In a criminal prosecution the state may prove that the accused engaged in flight to avoid prosecution.” C. Gamble, McElroy’s Alabama Evidence, § 190.01(1) (3rd ed. 1977). See also Ex parte Jones, 541 So.2d 1052 (Ala.1989).
The evidence in this case is minimally sufficient to justify the prosecutor’s comments on the defendant’s flight as a reasonable inference from the evidence.
The evidence shows that immediately after the shooting both defendants left the scene in Bessemer, which is located in Jefferson County. The next day, defendant Johnson appeared at his father’s house in Uniontown, which this Court knows, by judicial notice, is located in Perry County.
We recognize that evidence that the accused left the scene of the crime immediately after its commission is not, in itself, evidence of flight. As was noted in Beverett v. State, 24 Ala.App. 470, 471, 136 So. 843 (1931), “The testimony of several witnesses, to the effect that immediately after inflicting the mortal knife blows upon deceased that defendant ran from the place of killing, cannot be construed as attempting to show flight as the law contemplates.” But, see Holland v. State, 49 Ala.App. 104, 106, 268 So.2d 883 (1972) (evidence that immediately after shooting, defendant and his companion were “intercepted” at or near a cemetery some two or three miles from the place of the shooting and that the automobile driven by the defendant had collided with another automobile in a funeral procession was admissible as “tend[ing] to show flight on the part of the appellant from the scene of the difficulty”).
“However, under certain circumstances, the fact that the accused made a hurried departure from the scene of the crime immediately after the crime was committed may constitute evidence of flight.” Rowser v. State, 346 So.2d 533, 535 (Ala.Cr.App.1977), cert. denied, 346 So.2d 536 (1977). “This will be true especially where the evidence shows that the accused ... left the county or jurisdiction immediately after the commission of the crime.” Rowser, 346 So.2d at 535.
The circumstances in this case afford a reasonable inference of flight by defendant Johnson. Those specific circumstances are that Johnson left the scene immediately after the shooting, that within a relatively short period of time after the shooting he arrived at his father’s house in another county, that he had a broken foot, that he had not been seen by his father for eight or ten years, that he left his father’s residence the day after he arrived without telling his father of his destination, and that a federal fugitive warrant was issued for his arrest. The combination and concurrence of those circumstances supplies an adequate inference of flight justifying the prosecutor’s comments to the jury.
*647 “Counsel in the trial of any lawsuit has the unbridled right (to be sure, the duty) to argue the reasonable inferences from the evidence most favorable to his client.” Ex parte Ainsworth, 501 So.2d 1269, 1270 (Ala.1986). “It has long been the rule in Alabama that, although counsel should be given considerable latitude in drawing reasonable inferences from the evidence, they may not argue as a fact that which is not supported by the evidence.” Ex parte Washington, 507 So.2d 1360, 1361 (Ala.1986).
“In Alabama, liberal rules are allowed counsel in drawing inferences from the evidence in their arguments to the jury. Mitchell v. State, 57 Ala.App. 601, 329 So.2d 658, cert. denied, [295] Ala. [412] 329 So.2d 663 (1976); Binion v. State, 57 Ala.App. 234, 327 So.2d 729, cert. denied, 295 Ala. 391, 327 So.2d 732 (1976). Counsel has a right to argue any reasonable inference from the evidence or lack of evidence, Davis v. State, 49 Ala.App. 587, 274 So.2d 360, cert. denied, 290 Ala. 364, 274 So.2d 363 (1972) and to draw conclusions from the evidence based on their own reasoning. Carter v. State, 56 Ala.App. 450, 322 So.2d 741 (1975); Cazalas v. State, 43 Ala.App. 6, 178 So.2d 562, cert. denied, 278 Ala. 708, 178 So.2d 565 (1964).
“An inference is merely a deduction from proven facts. It is a permissible deduction from the evidence which the jury may accept or reject or give such probative value as it wishes. Williams, Alabama Evidence, § 35, p. 72.
“The trial judges ordinarily are loath to limit inferential argument which has any connection with the evidence even though farfetched. Hobbs v. State, 74 Ala. 39 (1883); Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403 (1927).
“ ‘The presiding judge, as a rule, will best determine when discussion is legitimate, and when it degenerates into abuse and undue license. While he should not permit wanton abuse of adversary or witness, he would occupy questionable ground if he arrested counsel in his attempt to educe inferential facts or intents from testimony m proof. Argument is but an aid to the jury, to enable that body to arrive at correct conclusions; and it would be dangerous to accord to the presiding judge the right and power to intervene, and declare authoritatively when an inference of counsel is or is not legitimately drawn. This is for the jury to determine, if there is any testimony on which to base it.’ Cross v. State, 68 Ala. 476 (1881).
“So long as counsel does not travel out of his case and confines statements to reasonable inferences deducible from the evidence, he should not be controlled. Edwards v. State, 56 Ala.App. 405, 321 So.2d 744 (1975); Bullard v. State, 40 Ala.App. 641, 120 So.2d 580 (1960); Lindsey v. State, 17 Ala.App. 670, 88 So. 189 (1921).” Roberts v. State, 346 So.2d 473, 476-77 (Ala.Cr.App.1977), cert. denied, 346 So.2d 478 (1977).
The judgments of the circuit court are affirmed.
AFFIRMED.
All Judges concur.