32 So.2d 810

**HOGUE v. JEFFERSON COUNTY.**

6 Div. 545.

Supreme Court of Alabama.

Nov. 6, 1947.

Rehearing Denied Dec. 18, 1947.

Harvey Deramus, of Birmingham, for appellee.

Thos. F. McDowell, of Birmingham, for appellant.

STAKELY, Justice.

Under agreement of the parties the question in this case is whether William L. Hogue, as temporary acting Judge of the Juvenile and Domestic Relations Court of Jefferson County, Alabama, is entitled to recover from Jefferson County, Alabama, the amount of money claimed in his complaint, which represents the difference between an annual salary of $4200 and $5000 for the period from July 8, 1943, to November 5, 1944. The case was tried before the court without the intervention of a jury on an agreed statement of facts. Judgment was rendered for the defendant.

On October 19, 1939, Emmett Perry was appointed Judge of the Juvenile and Domestic Relations Court of Jefferson County at an annual salary as fixed by the legislature of $4200. Thereafter he assumed his duties as such judge. On November 15, 1942, Emmett Perry entered the armed forces of the United States and was paid for his services as such judge through December 15, 1942.

On January 8, 1943, William L. Hogue, as provided by § 233, Title 41, Code of 1940, Pocket Part, was elected Temporary Acting Judge of the Juvenile and Domestic Relations Court of Jefferson County, effective January 16, 1943. William L. Hogue assumed his duties as such judge on January 16, 1943, at a salary of $4200 per annum.

On July 8, 1943, there was approved the following act passed by the legislature and appearing at page 215, Local Acts of Alabama 1943; this act now appears as § 296 (1), Title 62, Code of 1940, Pocket Part:

"When a judge of the juvenile and domestic relations court of Jefferson county, Alabama, shall have served as such judge for two years, in the aggregate, and even though such service is not continuous, he shall thereafter be paid a salary of five thousand ($5,000.00) dollars per annum, which said salary shall be paid out of the county treasury of Jefferson County in equal monthly installments. Except as above provided, the salary of the judge of said court shall remain as now provided by law."

Following passage of the foregoing act of the legislature and until November 5, 1944, William L. Hogue was paid a salary by Jefferson County, as temporary acting Judge of the Juvenile and Domestic Relations Court of Jefferson County, Alabama, on an annual basis of $4200.

It is earnestly contended by appellant that under § 231, Title 41, Code of 1940, Pocket Part, the office of Judge of the Juvenile and Domestic Relations Court of Jefferson County was not vacated by Emmett Perry by entry into the armed forces and since Emmett Perry the regular judge had served two years, the temporary judge serving as such official on the date of the passage of the act, § 296 (1), Title 62, Code of 1940, Pocket Part, became entitled to the raise in salary provided by the aforesaid statute. Upon a consideration of the matter it does not appear to us that appellant is entitled to the increase in salary which he claims.

■ Did the legislature intend by the local act approved July 8, 1943, to grant to appellant who was then serving as tempor-

ary judge an immediate increase in salary over that then being paid? At the time of his appointment, appellant's salary was fixed at $4200 per annum, the statute expressly providing that "such temporary acting official shall receive the same compensation, * * * as the official in whose place he is serving." § 233, Title 41, Code of 1940, Pocket Part. If it had been the intention of the legislature to grant an increase in salary which would immediately go to appellant, the legislature could easily have done so by increasing the salary of the office which appellant was temporarily holding without reference to the tenure of one holding the office. But the legislature did not do that. It expressly provided that "when a judge of the juvenile and domestic relations court of Jefferson county, Alabama shall have served as such judge for two years * * *," he shall "thereafter be paid a salary of five thousand ($5,000.00) dollars per annum." The act was a local act dealing with a local situation. The regular judge was absent in military service. The temporary acting judge had not served two years. The requirement of two years service and the reference to "a judge" shows that the legislature had in mind individuals in connection with the office and not just the office itself. It may be added that the tense of the verb is significant. If the rights of appellant were to be measured by the rights of Emmett Perry, then why use the words "shall have served," when Emmett Perry had already served two years? The tense used is an indication that service to be completed in the future was contemplated so far as appellant was concerned.

■ The proviso in the act fortifies us in the views which we have expressed. The act says, "Except as above provided, the salary of the judge of said court shall remain as now provided by law." "* * * The office of a proviso to an act has been said to be—

" 'Either to except something from the enacting clause, or to qualify or restrain it generally, or to exclude some ground of misinterpretation of it as extending to cases not intended to be brought within its operation.' * * *" State ex rel. Blue v.

Stiles, Judge of Probate, etc., 212 Ala. 468, 102 So. 901, 903.

The proviso shows that the legislature wanted it to be without question that the judge drawing the salary would be limited to $4200 unless he had served as many as two years in the aggregate. This the appellant has not done.

It is also provided in § 295, Title 62, Code of 1940, that in certain instances the regular judge has the authority to appoint a special judge who would be entitled to receive the same pay as the regular judge. Those instances are sickness, vacation or unavoidable absence or inability of the regular judge to perform the duties. This section has no meaning whatsoever as applied to the present case, since the regular judge was neither on his vacation nor sick nor unavoidably absent from his duties. Without any question this appellant received his appointment under the Military Leave Statutes and accordingly the provisions of § 295, Title 62, Code of 1940, have no application.

We conclude that the lower court decided the case correctly.

Affirmed.

GARDNER, C.J., and FOSTER and LAWSON, JJ., concur.