James Mack Watley was convicted of unlawful possession of marihuana, was sentenced to five years' imprisonment, and was fined $2000. He raises six issues on this appeal from that conviction. Because his conviction must be reversed for failure of the indictment to charge an offense, we address only those matters likely to recur at another trial.
 I
The indictment charged that the defendant "did on to-wit, May 1, 1988, while at or near Covington County, Alabama, unlawfully possess marijuana, a controlled substance, contrary to and in violation of Title 13A-12-213 of the Code of Alabama, 1975. . . ." This indictment did not state an offense under the Drug Crimes Amendments Act of 1987.
Under prior law, the indictment would have charged the offense of felony possession of marihuana. Ala. Code 1975, §20-2-70(a) (repealed by Act No. 87-603, § 12, 1987 Ala. Acts 1047). That section provided:
 "Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more than 15 years and, in addition, may be fined not more than $25,000.00; provided, that any person who possesses any marihuana for his personal use only is guilty of a misdemeanor and, upon conviction for the offense, shall be imprisoned in the county jail for not more than one year, and in addition, shall be fined not more than $1,000.00; provided further, that the penalties for the subsequent offenses relating to possession of marihuana shall be the same as specified in the first sentence of this subsection." (Emphasis added.)
The prior statute "ma[d]e possession of marijuana (or any other controlled drug or substance) a felony." Roberts v.State, 349 So.2d 89, 92 (Ala.Cr.App.), cert. denied, Ex parteRoberts, 349 So.2d 94 (Ala. 1977). An indictment pursuant to §20-2-70(a) was not required to allege that the accused's possession was not for personal use because, under that section, there was a presumption that the possession was for other than personal use. State v. Calhoun, 502 So.2d 795,799-800 (Ala.Cr.App.), aff'd in part, rev'd on other grounds and remanded, Ex parte State, 502 So.2d 808 (Ala. 1986).
Under § 20-2-70(a), the showing of possession for personal use was a defensive matter and the burden of proving this matter was upon the defendant. Lee v. State, 350 So.2d 743, 746
(Ala.Cr.App. 1977); Roberts v. State, 349 So.2d 89, 93
(Ala.Cr.App.), cert. denied, Ex parte Roberts, 349 So.2d 94
(Ala. 1977).
The foregoing rules regarding pleading and proof under §20-2-70(a) were derived by applying well-established principles of statutory construction to the Controlled Substances Act.See, e.g., Hall v. State, 291 Ala. 397, 400, 281 So.2d 662, 665
(1973). The conduct proscribed in the enacting clause of that act and thus the definition of the offense under § 20-2-70(a), was "possession of controlled substances." That conduct was all the State needed to allege in order to charge felony possession of *Page 854 
marihuana in an indictment tracking the former statute.Compare Corbin v. State, 55 Ala. App. 33, 34, n. 1,312 So.2d 604 (1975) (although the State is not required to negative a defensive matter, once it alleged in the indictment that the possession was not for personal use, the State "assumed the burden" of proving possession of marihuana not for personal use).
Under § 20-2-70(a), the State did not have to negative the conduct proscribed in the separate clause (beginning "provided, that any person who possesses any marihuana for his personal use . . .") because that clause was not part of the definition of the offense found in the enacting clause. See Grattan v.State, 71 Ala. 344 (1882); Davis v. State, 39 Ala. 521 (1865). Instead, it was an exception or proviso restricting the field of operation of the offense previously defined. See Hogue v.Jefferson County, 250 Ala. 28, 30-31, 32 So.2d 810, 812 (1947). In Hall v. State, supra, our Supreme Court stated that the "most practical and workable rule" to be used in construing the Controlled Substances Act was the following:
 "The general rule as to exceptions, provisos, and the like, is that where the exception or proviso forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately stated if the exception is omitted, then it is necessary to negative the exception or proviso. But where the exception is separable from the description, and it is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense." Id. at 400, 281 So.2d at 665 (quoting Joyce on Indictments § 279).
In 1987, the Drug Crimes Amendments Act repealed § 20-2-70
and enacted, among other provisions, §§ 13A-12-213 and -214. The 1987 amendment was primarily a response to the holding ofEx parte Chambers, 522 So.2d 313 (Ala. 1987), that drug offenders could not be sentenced under the habitual offender provisions of Title 13A. Section 11 of the Drug Crimes Amendments Act states: "The provisions of this act are to be included in the Code of Alabama 1975, as a part of Title 13A, 'Alabama Criminal Code,' and all provisions of Title 13A, including the Habitual Felony Offender Act, are applicable thereto. . . ." However, the repeal of § 20-2-70 and the enactment of the 1987 Drug Crimes Amendments Act, was not a mere transfer of former Title 20 drug offenses to Title 13A. It involved a substantial rewriting and new definitions of the controlled substance offenses.
Section 13A-12-213, under which the present indictment was framed, provides the following:
 "Unlawful possession of marihuana in the first degree.
 "(a) A person commits the crime of unlawful possession of marihuana in the first degree if, except as otherwise authorized:
 "(1) He possesses marihuana for other than personal use; or
 "(2) He possesses marihuana for his personal use only after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only.
 "(b) Unlawful possession of marihuana in the first degree is a Class C felony."
Section 13A-12-214 provides:
 "Unlawful possession of marihuana in the second degree.
 "(a) A person commits the crime of unlawful possession of marihuana in the second degree if, except as otherwise authorized, he possesses marihuana for his personal use only.
 "(b) Unlawful possession of marihuana in the second degree is a Class A misdemeanor."
There is no offense outlined in either § 13A-12-213 or §13A-12-214 whose enacting clause defines the proscribed conduct merely in terms of "possession of marihuana," as § 20-2-70(a) defined the offense in terms of "possession of controlled substances." Under § 13A-12-213, the first degree (felony) offense is committed in one of two ways: (1) if a person "possesses marihuana for other than personal use," or (2) if a person possesses marihuana for personal use after a previous *Page 855 
conviction for possession of marihuana for personal use. Under § 13A-12-214, the second degree (misdemeanor) offense is committed if a person "possesses marihuana for his personal use only."
The phrases "for other than personal use" and "for . . . personal use only" modify, define, and classify the type of marihuana possession proscribed in §§ 13A-12-213 and -214. They are "inseparable ingredients of the offense." Hall v. State,291 Ala. at 400, 281 So.2d at 665 (quoting Joyce onIndictments). Because the phrases are definitional components of the offenses set out in §§ 13A-12-213 and -214, no indictment pursuant to those sections can omit them and still charge an offense. In United States v. Cook, 84 U.S. 168, 17 Wall. 168, 21 L.Ed. 538 (1872), the Supreme Court of the United States observed the following:
 "Offences created by statute, as well as offences at common law, must be accurately and clearly described in an indictment, and if they cannot be, in any case, without an allegation that the accused is not within an exception contained in the statute defining the offence, it is clear that no indictment founded upon the statute can be a good one which does not contain such an allegation, as it is universally true that no indictment is sufficient if it does not accurately and clearly allege all the ingredients of which the offence is composed." Id. at 174 (emphasis added).
In Hawkins v. State, 549 So.2d 552 (Ala.Cr.App. 1989) (Bowen, J., concurring), this court held that the phrase "being 16 years old or older," used to describe one who commits first degree sexual abuse, constituted an essential element of the offense which must be pleaded and proved by the State. The concurring opinion observed the following, which is equally applicable here:
 "The phrase 'being 16 years old or older' embodies an essential element which must be pleaded and proved by the prosecution for [two] reasons: (a) its grammatical and logical relationship to the rest of the statutory prohibition indicates that it is a definitional component of the offense; [and] (b) it differs so markedly from the proviso, exception, or limitation contained in the predecessor statute on the same subject that it must be construed differently. . . ."
The concurring opinion in Hawkins v. State continued:
 "The grammatical and logical differences between [the predecessor and the] current sex offense statutes are apparent. The prohibition of [the predecessor statute] was general ('any person who . . .'). The exception to the general prohibition was 'boys under 16 years of age.' In contrast, the prohibition of [the current statute] is specific
(one who, 'being 16 years old or older'). Under established rules of statutory construction . . . [a] specific definitional component of the offense . . . is a required element of pleading and proof." (Emphasis in original.)
The same grammatical and logical differences between former § 20-2-70(a) and current §§ 13A-12-213 and -214 are apparent here. The prohibition of § 20-2-70(a) was general ("any person who possesses . . . controlled substances"). The exception was "any person who possesses any marihuana for his personal use only."
In contrast, there are three specific prohibitions in the current statutes: possession (1) for other than personal use; (2) for personal use only, following another "personal use" conviction; and (3) for personal use only. The indictment here alleged none of the three specifically prohibited types of marihuana possession and thereby failed to charge any offense under Sections 13A-12-213 or -214. Compare United States v.Cook, 17 Wall. at 181 (wherein the Supreme Court noted with approval the holding, under "an English statute [which] made it penal for any person, not employed in the public mint, to make or mend any instrument used for coining . . . that the indictment must negative the want of authority, as that clause was a part of the description of the offence"). Additionally, we note that an indictment merely charging the "possession *Page 856 
of marihuana" under the 1987 Drug Crimes Amendments Act is void for vagueness because, not only does it fail to charge an offense, but a defendant cannot determine whether he is being charged under § 13A-12-213(a)(1), § 13A-12-213(a)(2), or §13A-12-214(a).
The defendant's demurrer, or motion to quash the indictment on the ground that it "failed to state an offense under the laws of Alabama," should have been granted.
 II
As defined by § 13A-12-213, the essential elements of the offense of possession of marihuana in the first degree are: (1) the fact that the accused possessed marihuana and, (2) the fact that the possession was either for other than personal use or for personal use only, but after a previous conviction for personal use marihuana possession. Thus, the State has the burden of proving, beyond a reasonable doubt, those ingredients. In a prosecution for first degree possession of marihuana, the accused does not have any burden to convince the jury, as under prior law, that his possession was for personal use only. The State must plead, and prove, the specific offense committed under § 13A-12-213.
The trial court's instructions to the jury in this case, referring to the material elements of the offense under the former Controlled Substances Act and the respective burdens of proof borne by the State and the accused under that statute, were erroneous.
 III
The defendant was arrested while tending some marihuana plants along the side of a dirt road in Covington County. Eleven cardboard boxes containing a total of 248 young plants, each between two and five inches tall, with a total weight for all plants of between one and three ounces, were confiscated from the defendant.
At trial, forensic chemist Joseph Saloom testified, over defense counsel's objection, to the average height of a mature marihuana plant, the amount of leaf material and flowering tops a mature plant could produce, the average weight of plant material in a marihuana cigarette, and the number of cigarettes that could be made from a pound of marihuana plant material.
Saloom concluded that the average mature marihuana plant yields one to two pounds of smokable material. He gave his opinion that from one pound of this material, 1814 to 2265 marihuana cigarettes could be made. Defendant's objections to Saloom's testimony were based on irrelevance and "mere speculation."
"There are two components to relevant evidence: materiality and probative value. Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial." McCormick on Evidence § 185 at 541 (E. Cleary 3d ed. 1984).
As we have already discussed in Part I, the indictment under which this defendant was prosecuted charged no offense, so any discussion of what were the disputed issues at defendant's trial is academic. However, had the indictment charged the crime defined in § 13A-12-213(a)(1) ("He possesses marihuana for other than personal use"), we have no doubt that Saloom's testimony would have been admissible. Under such an indictment, the disputed issue would have been whether the defendant possessed 248 marihuana plants for other than his personal use. Saloom's testimony regarding the yield of the plants would have had a "logical connection or pertinency to the disputed issue,"Dawkins v. State, 455 So.2d 220, 221 (Ala.Cr.App. 1984), and would have been material. His testimony would also have been relevant, or have had probative value, because it would have tended to make more probable the existence of the inference that the defendant grew 248 plants for other than his own personal use. Dawkins v. State, supra; Jennings v. State,513 So.2d 91, 97 (Ala.Cr.App. 1987). Compare Sawyer v. State,50 Ala. App. 490, 280 So.2d 196 (1973) (a large quantity of marihuana strengthened the inference that the possession was not for personal use). In the event defendant is reindicted and retried under *Page 857 
§ 13A-12-213(a)(1), Saloom's testimony would be admissible over an objection based on irrelevance or immateriality.
On appeal, the defendant argues that Saloom's testimony was also inadmissible because his conclusions were "pure speculation." He argues that Saloom's testimony assumed facts not in evidence, such as ideal weather and growing conditions, as well as proper care and harvesting of the marihuana plants. These arguments, however, were not advanced at trial, and therefore are not grounds for reversal on appeal. Ex parteFrith, 526 So.2d 880, 882 (Ala. 1987).
 IV
The defendant claims that § 13A-12-213(a)(2) unconstitutionally denies equal protection and due process of law and imposes cruel and unusual punishment. He argues that because the section mandates greater punishment, on a second possession offense, for an offender with a prior misdemeanor
possession conviction than for an offender with a prior felony
possession conviction, it has no rational basis and is arbitrary.
While this argument may have merit, see generally Opinion ofthe Justices No. 293, 410 So.2d 60 (Ala. 1982); Webb v. State,539 So.2d 343, 345-47 (Ala.Cr.App. 1987); State v. Spurlock,393 So.2d 1052, 1056-57 (Ala.Cr.App. 1981), it was not presented to the trial court. "This court will not consider on appeal any constitutional questions not raised below. Steele v.State, 289 Ala. 186, 266 So.2d 746 (1972)." Barclay v. State,368 So.2d 579, 580 (Ala.Cr.App.), cert. denied, Ex parteBarclay, 368 So.2d 581 (Ala. 1979), cert. denied, Barclay v.Alabama, 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185 (1979);Cagle v. State, 504 So.2d 1225, 1226 (Ala.Cr.App. 1987).
The judgment of conviction is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.