Larry Wayne McWhorter, the appellant, was adjudicated a youthful offender in connection with an indictment charging him with unlawful possession of marihuana in the first degree. His sentence of 3 years' imprisonment was "split," with 12 months to be served in the county jail and 3 years on probation. Our review convinces this Court that the evidence is insufficient to support that conviction.
The State's evidence shows that on April 23, 1990, Investigator Stan Bice of the Madison County Sheriffs Department obtained a search warrant based on information obtained from Louis Lynn. Mr. Lynn told the investigator that his wife, Janice B. Lynn, and his stepson, the appellant, were growing marihuana at his residence at 4318 Old Railroad Bed Road in Harvest, Alabama; that he and his wife were having marital problems "over the fact that his stepson was growing marihuana in his residence, and his wife was permitting this" (R. 7); and that he had recently moved out of the residence because he was "scared he would be implicated in some type of arrest or legal action." R. 19. Mr. Lynn also told the investigator that on April 18, 1990, he had observed about 20 plants, about 3 feet tall, in the appellant's bedroom.
The search warrant was executed at the residence at 11:10 on the night of April 23, 1990. At that time, the appellant and his mother were the only individuals in the residence. The following items were recovered from the appellant's bedroom: one marihuana plant six to ten inches tall, one scale labeled "mail[1] scale and diet scale," two large light bulbs, one medium-sized light bulb, a heat lamp, a pipe, a plastic bag containing vegetable material consisting primarily of seeds, and a homemade water pipe. Three partially burned marihuana cigarettes were discovered in an ashtray on a coffee table in the den. Bice testified that at the time the warrant was executed, the appellant appeared to be under the influence of a controlled substance. R. 31. The appellant and his mother were arrested and charged with possession of marihuana for other than personal use.
At trial, Investigator Bice testified that the appellant "had a growing room established in his bedroom." R. 22. The "growing room" was "probably four feet wide, four feet deep. And five, five [and] a half feet tall." R. 37. Bice testified that the appellant "had fabricated a small room in his bedroom, lined it with tinfoil, placed growing lights inside it, pots, potting soil and pots; and also marihuana plants[2] were found inside that room." R. 37. When asked if he had any "information whatsoever that there was any type of facility or distribution center there at the Lynns," *Page 953 
Investigator Bice replied, "Not that I recall." R. 17. He testified that no cash was found in the residence.
The report of the forensic laboratory analyst states that the total weight of the plant, the vegetable material and seeds in the plastic bag, and the marihuana cigarette butts was "8.35 grams (0.29 ounce)." R. 124.
After the prosecution rested its case, the appellant made a motion for a directed verdict
 "based upon the fact that the evidence submitted to this point is insufficient as a matter of law.
 "And that the majority of the information supplied by Stan Bice is in the form of hearsay. The witness was present in the courtroom and available to testify. He was there in the form of mere complainant. And based upon that, and the best evidence rule, we would object to it being admitted and ask that it be stricken from the record." R. 53-54.
That motion was overruled by the trial court.
The appellant's mother was also charged with first degree possession of marihuana. However, she testified on behalf of the appellant, and stated that her husband, Louis Lynn, had "planted" the marihuana in the residence without her knowledge. She testified that the appellant had "ejected" Mr. Lynn from the residence and "forced" him to leave because Mr. Lynn was involved with another woman. R. 57. She stated that the "small greenhouse" in the appellant's room was used to "keep the tomato plants and rose bushes from freezing until we could plant them." R. 62.
On its case it rebuttal, the State called Louis Sterling Lynn, who asserted his privilege against self incrimination and refused to answer questions concerning whether he planted the drugs and paraphernalia in the residence in retaliation for his wife's action in ejecting him, whether he had any knowledge of the drugs and paraphernalia being in the residence, and whether he used marihuana.
At the conclusion of the presentation of all the evidence, the trial judge stated that he did not find the testimony of the appellant's mother to be credible and found the appellant "guilty of the status offense of being a youthful offender for having committed the underlying offense of possessing marihuana for other than [his] personal use." R. 89-90. In denying the appellant's request for probation, the trial judge stated:
 "It's one thing to possess and consume marihuana. It's quite another thing to be growing it in the purposeful way that has been demonstrated here. And although it has not been formally admitted into evidence, I could not have escaped noticing the home-made water pipe device which is on counsel table and both attorneys have referred to it at various times during the examination of witnesses. I think we're dealing here with a more serious drug habit than just a little marihuana." R. 90-91.
It is the opinion of this Court that the evidence was insufficient to support the trial court's finding of guilty of possession of marihuana for other than personal use.
At the beginning of the trial, the appellant made a motion to suppress the evidence seized in the execution of the search warrant. The trial judge indicated that "since this is a non-jury proceeding — [we can] hear the evidence relating to that as we go along. And if it's due to be suppressed, I will grant it." R. 5. During the trial, Investigator Bice testified as to what Mr. Lynn had told him.
The appellant's objection to the testimony of Investigator Bice concerning what Mr. Lynn had told him should have been sustained and his motion to strike that testimony should have been granted.
 "Hearsay information may serve as a basis for an affidavit, . . . and may be used to determine probable cause for issuance of the search warrant. . . . However, it may not be used as primary evidence to establish guilt during the trial.
". . . .
 ". . . [I]t is clear that, although the hearsay allegations of the informant contained *Page 954 
in the affidavit in support of the search warrant could have been considered by the trial court in determining probable cause for the search of [the] . . . residence, such information had no place in the trial itself."
Satterwhite v. State, 364 So.2d 359, 360-61 (Ala. 1978). See also Moseley v. State, 570 So.2d 719, 720-21 (Ala.Cr.App. 1990).
" '[W]here the sufficiency of the evidence is tested by a motion for a judgment of acquittal, we may examine only that evidence which was before the court at the time the motion was made.'" Nguyen v. State, 580 So.2d 122, 122-23 (Ala.Cr.App. 1991). Excluding the inadmissible hearsay testimony of Investigator Bice, there is no evidence to show that the appellant's possession was for other than personal use.
"A person commits the crime of unlawful possession of marihuana in the first degree if, except as otherwise authorized: (1) He possesses marihuana for other than personal use." Ala. Code 1975, § 13A-12-213. In a prosecution under §13A-12-213(1), the State must plead and prove that the possession of the marihuana was for other than personal use. "In a prosecution for first degree possession of marihuana, the accused does not have any burden to convince the jury, as under prior law, that his possession was for personal use only. The State must plead, and prove, the specific offense committed under § 13A-12-213." Watley v. State, 568 So.2d 852, 856
(Ala.Cr.App. 1989), cert. quashed, 568 So.2d 857 (Ala. 1990) (emphasis in original).
"[T]he law requires belief beyond a reasonable doubt of every essential element of the offense charged, and such belief must be founded upon the evidence." Piano v. State, 161 Ala. 88, 93,49 So. 803, 805 (1909). "[C]ircumstantial evidence is sufficient when it is so strong and cogent as to indicate the guilt of the defendant to a moral certainty. That evidence should also exclude any inference consistent with the defendant's innocence." Ex parte Davis, 548 So.2d 1041, 1044
(Ala. 1989). "Circumstantial evidence must not only be consistent with guilt, but must also be inconsistent with any rational hypothesis of innocence." Ex parte Mauricio,523 So.2d 87, 93 (Ala. 1987).
In Watley, 568 So.2d at 856, this Court recognized that a large quantity of marihuana "strengthen[s] the inference that the possession was not for personal use." However, in this case, only a small quantity of marihuana was involved. Apart from Investigator Bice's inadmissible testimony as to what Mr. Lynn allegedly told him, there is no evidence that would support an inference that the appellant's possession of marihuana was for other than personal use. See Annot. 79 A.L.R.Fed. 113 (1986), for a collection of the types of evidence sufficient to establish that a possessor of marihuana had the intent to distribute it in a prosecution for a violation of federal law. Although there was evidence that the appellant was growing marihuana, there was no evidence that he was cultivating a crop for other than his own personal use. Furthermore, the size of the "growing room" in and of itself was not indicative of a distribution operation. An examination of the totality of the circumstances and reasonable inferences in this case simply does not support the trial court's finding that the appellant was guilty of possession of marihuana for other than personal use. In reaching this conclusion, we rely on the trial court's finding that the testimony of the appellant's mother was not credible.
However, the evidence does show, beyond any doubt, that the appellant is guilty of possession of marihuana for personal use only in violation of Ala. Code 1975, § 13A-12-214. Therefore, the judgment of the trial court adjudicating the appellant guilty of possession of marihuana in the first degree as a youthful offender is hereby reversed. This cause is remanded to the trial court with directions that the appellant's adjudication and sentence as a youthful offender for possession of marihuana in the first degree be set aside, that the appellant be adjudicated guilty as a youthful offender for the offense of possession of marihuana in the second degree, and that the appellant be sentenced as a youthful offender for the commission of possession of marihuana in the second degree *Page 955 
as provided by § 13A-12-214(b). The trial court shall make a return to this Court reflecting its compliance with these directions within 60 days from the date of this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.
[1] The transcript reflects defense counsel's question as being: "But it's labeled the Male Scale and Diet Scale." R. 23. We believe this to be an obvious error and that "male" should actually be "mail."
[2] Although Investigator Bice used the pural "plants" in this response, the evidence was that only one marihuana plant was discovered in the residence.