JAMES H. FAULKNER, Retired Justice.
The indictment in this ease charges that, “... before the finding of this indictment Johnny M. Lloyd ... on or about ... June 21, 1991, did unlawfully possess marijuana, a controlled substance, for personal use only after having been previously convicted of unlawful possession of marijuana for his personal use only, while at or near Covington County, Alabama, contrary to and in violation of Title 13A-12-213....”
After a jury trial, Lloyd was found guilty as charged in the indictment. He was sentenced to four years in the penitentiary. He appeals to this court, alleging that the trial court committed reversible error by denying his motion for a judgment of acquittal filed at the conclusion of the case. The principal ground alleged in the motion was that the State failed to prove a prima facie case for possession of marijuana in the first degree. For the reasons stated below, we agree that the State did not prove a prima facie case under the provisions of § 13A-12-213.
The evidence shows that Lloyd and three companions were riding the back roads of Covington County near Opp and Andalusia. The ride began after one of the companions had done some repair work on Lloyd’s automobile. They drank beer while work was being done on the ear. After the automobile was operable, they began their ride. They *659 stopped at several places to buy beer and gasoline. Between the hours of darkness and around midnight, they bought and drank two cases of beer.
Meanwhile, Larry Chisum, a Covington County deputy sheriff, had received information from an informer that “there was supposed to be marijuana” in Lloyd’s car. After receiving information from the informer, Chi-sum began his search for Lloyd. He checked the local bars in Opp. He did not find him. He was looking for a blue Chevrolet Malibu automobile. When he did not find either Lloyd or the car, Chisum and Deputy Edgar left to go home. They travelled on Route 84. When the officers left of Opp, they observed an automobile that aroused their suspicions — it was going slow and weaving across the center line of the highway. Eventually, after observing the automobile weave and cross the center line a number of times, the officers turned on the blue lights and the automobile pulled over. Johnny Lloyd, a paraplegic, was sitting on the passenger side of the automobile. Lloyd had known Chisum since the two of them were in the second grade of school. When Chisum walked up to the driver’s side, Lloyd called out to Chisum words to the effect that there was not anything in the car.
Chisum testified that Lloyd gave him permission to search the vehicle. Lloyd denies that he gave his permission. The search of the vehicle was made. No drugs were found. Chisum walked around to the passenger side where Lloyd was sitting and observed a pocketbook — “the large size wallet type of pocket book that had a chain coming out from it.” He asked Lloyd whether that pocketbook was his. He testified that Lloyd said, “Yes, here it is.” Again, Lloyd denied that he handed the pocketbook to Chisum. Chisum looked in the pocketbook and found a substance on a cigarette paper that looked like marijuana. That substance, as shown by the evidence, was marijuana. The weight in grams was 0.70.
We pretermit a discussion of Lloyd’s allegations of illegal search and seizure. If the case turned on those allegations, we would affirm. Reversible error exists because the State did not prove a prima facie case under the statute pursuant to which Lloyd was indicted.
The essential elements of possession of marijuana in the first degree are: (1) the fact that the accused possessed marijuana, and (2) the fact that the possession was either for other than person use or for personal use only, but after previous conviction for personal use marijuana possession. The State has the burden of proving beyond a reasonable doubt these ingredients. Watley v. State, 568 So.2d 852 (Ala.Cr.App.1989). In a prosecution for possession of marijuana in the first degree, the accused does not have the burden to convince the jury that his possession was for personal use. Watley, 568 So.2d 852 (Ala.Cr.App.1989), cert, quashed as improvidently granted, Ex parte State, 568 So.2d 857 (Ala.1990). In Watley, Justice Maddox dissented and was joined by Justices Steagall and Kennedy. The dissent was based upon the holding by this court that the indictment was insufficient. Justice Maddox did, however, state in his dissent that, “I do agree with that court’s holding that the State is required to prove, in the case of a felony possession of marihuana, as here, that the defendant either possessed the marihuana for other than personal use, or for his personal use after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only.” 568 So.2d at 860.
In the case at bar, we conclude that the State failed the two-pronged test enunciated in Watley. The State failed to prove that the possession was either for other than personal use or for personal use only after a previous conviction for personal use of marijuana possession. The State’s evidence in this case as gleaned from the record consisted only of possession.
There were minuscule amounts of marijuana found in Lloyd’s pocketbook. Whether this quantity was for personal use or for some other purpose, we cannot ascertain from the evidence presented. As stated in Corbin v. State, 55 Ala.App. 33, 312 So.2d 604 (1975), we are not prepared to say that any given quantity of marijuana possessed marks *660 a line between possession for personal use and possession for any other purpose.
The judgment of the trial court is reversed, and the cause remanded for the trial court to enter a judgment granting Lloyd’s motion for a judgment of acquittal.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.