We have granted the State's petition for certiorari review of the judgment of the Court of Criminal Appeals reversing the defendant's conviction and remanding for the entry of a judgment of acquittal.
Johnny M. Lloyd was found guilty of "unlawful possession of marijuana in the first degree," § 13A-12-213, on a finding that he had possessed marijuana for personal use only after having been previously convicted of unlawful possession of marijuana for personal use only. The Court of Criminal Appeals reversed the conviction, holding that the State had failed to prove that Lloyd possessed the marijuana for personal use.
The Court of Criminal Appeals set out the facts in Lloyd v.State, 629 So.2d 658 (Ala.Crim.App. 1992). However, we feel it necessary to recite the facts as found by that court in order to better present the issues in this case. *Page 661 
 "The evidence shows that Lloyd and three companions were riding the back roads of Covington County near Opp and Andalusia. The ride began after one of the companions had done some repair work on Lloyd's automobile. They drank beer while work was being done on the car. After the automobile was operable, they began their ride. They stopped at several places to by beer and gasoline. Between the hours of darkness and around midnight, they bought and drank two cases of beer."
 "Meanwhile, Larry Chisum, a Covington County deputy sheriff, had received information from an informer that 'there was supposed to be marijuana' in Lloyd's car. After receiving information from the informer, Chisum began his search for Lloyd. He checked the local bars in Opp. He did not find him. He was looking for a blue Chevrolet Malibu automobile. When he did not find either Lloyd or the car, Chisum and Deputy Dedgar left to go home. They travelled on Route 84. When the officers left Opp, they observed an automobile that aroused their suspicions — it was going slow and weaving across the center line of the highway. Eventually, after observing the automobile weave and cross the center line a number of times, the officers turned on the blue lights and the automobile pulled over. Johnny Lloyd, a paraplegic, was sitting on the passenger side of the automobile. Lloyd had known Chisum since the two of them were in the second grade of school. When Chisum walked up to the driver's side, Lloyd called out to Chisum words to the effect that there was not anything in the car.
 "Chisum testified that Lloyd gave him permission to search the vehicle. Lloyd denies that he gave his permission. The search of the vehicle was made. No drugs were found. Chisum walked around to the passenger side where Lloyd was sitting and observed a pocketbook — "the large size wallet type of pocket book that had a chain coming out from it." He asked Lloyd whether the pocketbook was his. He testified that Lloyd said, "Yes, here it is." Again, Lloyd denied that he handed the pocketbook to Chisum. Chisum looked in the pocketbook and found a substance on a cigarette paper that looked like marijuana. The weight in grams was 0.70."
629 So.2d at 658-59.
We note that the Court of Criminal Appeals pretermitted discussion of Lloyd's allegations of an illegal search and seizure, stating, "If the case turned on those allegations, we would affirm." We agree with the Court of Criminal Appeals on the search and seizure issue. However, we disagree with that court's holding that the State failed to prove that the possession of marijuana was for personal use.
Section 13A-12-213 provides:
 "(a) A person commits the crime of unlawful possession of marihuana in the first degree if, except as otherwise authorized:
 "(1) He possesses marihuana for other than personal use; or
 "(2) He possesses marihuana for his personal use only after having been convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only.
 "(b) Unlawful possession of marihuana in the first degree is a Class C felony."
In a prosecution for first degree possession of marijuana, the accused has no burden to convince the jury, as under prior law, that his possession was for personal use only. The State must plead and prove the specific offense committed under §13A-12-213. Watley v. State, 568 So.2d 852 (Ala.Cr.App. 1989), writ quashed as improvidently granted, 568 So.2d 857 (Ala. 1990).
The trial court admitted, without objection, evidence of Lloyd's prior conviction for possession of marijuana for personal use. (R.T. 12). Certainly, the jury could infer from the evidence presented that the marijuana was for Lloyd's personal use. The police had information from an informant that Lloyd would be in a particular car and that there would be marijuana in the car. The minuscule amount of marijuana was found on a cigarette paper inside Lloyd's wallet-type pocketbook, which was found lying on Lloyd's lap. Had a large quantity of marijuana *Page 662 
been found, that would support the inference that the possession was not for personal use. See, Sawyer v. State,50 Ala. App. 490, 280 So.2d 196 (1973).
Based on the foregoing, we reverse and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.