AFTER REMAND

BOWEN, Presiding Judge.
Johnny M. Lloyd was convicted of the unlawful possession of marijuana in the first degree and was sentenced to four years’ imprisonment. His conviction was reversed on original submission. Lloyd v. State, 629 So.2d 658 (Ala.Cr.App.1992). The Alabama Supreme Court granted the appellant’s petition for certiorari review and reversed the judgment of this Court. Lloyd v. State, 629 So.2d 660 (Ala.1993). The Supreme Court agreed with this Court that the appellant’s conviction was due to be affirmed on the search and seizure issue, but held that this Court erred in holding “that the State failed to prove that the [appellant’s] possession of marijuana was for personal use.” Id. at 661. That Court remanded the case for “proceedings consistent with [their] opinion.”
The only remaining issue that has not been addressed is whether the prosecutor’s comments in closing argument to the jury were based on reasonable inferences from the evidence.
In closing argument the following occurred:
“MR. COOK [assistant district attorney]: So they are accusing both of these officers of setting this man up and coming in this courthouse and lying.
“MS. MOCK [defense counsel]: Your Hon- or, the defendant has to object to that. At no point did the defense make any allegation that the officers were setting him up. That is something not in the testimony of the facts in evidence.
“THE COURT: I am going to sustain the objection. I don’t recollect the defense saying that. So I am going to instruct the jury to disregard that portion of the argument.
[[Image here]]
*663 “MR. COOK: Johnny Lloyd sat right there and said — and somebody else too— said they [the arresting officers] got the billfold out and put it on top of the car. Now, you know what he is saying there? It’s while he [the officer] had it out of his [appellant’s] sight that he put some marijuana in there.
“MS. MOCK: Objection, Your Honor.
“THE COURT: Mr. Cook, I sustained the objection. Come around here, both of you. “(Counsel approached the bench and conferred with the court.)
“THE COURT: Ladies and gentlemen, I am going to instruct you that you are to decide this case based on the evidence in the case. And insofar as I can recollect, the defense has not said that the officers set them up in this ease. And I am going to instruct you to disregard any argument to that effect and I am going to ask each of you at this time whether or not you can comply with my instructions. Can you, sir?
“(Whereupon the court polled each individual juror and each juror answered in the affirmative.)
“THE COURT: You may proceed, Mr. Cook.
[[Image here]]
“MR. COOK: I tried my best to get Johnny Lloyd to tell you how the marijuana got in his wallet. And the only thing he could say was that it left his vision and it got put on top of the caí-, where he couldn’t see it, by the officers. Now that is a clear implication that the officers put the marijuana in there.
“MS. MOCK: Your Honor, the defendant would again object and may we approach the bench?
“(Counsel approached the bench and conferred with the court.)
“MS. MOCK: The closing argument of the State is invading the province of the jury by inferences.
“THE COURT: I am going to overrule. I am not going to allow the prosecutor to state that the defense is saying something that it did not say, but on the other hand he is entitled to argue it in terms of implications from the evidence and I am going to allow him to do that.” R. 173-76.
During the trial, the appellant testified that he did not have any marijuana in his vehicle and that he did not put any marijuana in his wallet. The appellant testified that after searching the passenger in the appellant’s car, the officer came up to the appellant and stated that he had “saved the best part for last.” R. 162. The appellant testified that the officer took his billfold off the dash of his car, put the billfold on top of the car, and said, “What is this,” as the officer displayed a cellophane envelope containing marijuana. R. 162. On cross-examination, the appellant testified that he saw no one either place any marijuana in or remove any marijuana from his wallet. He testified, “I don’t know how it got in there, but I didn’t have no marijuana in my billfold.... I’m not accusing nobody of doing it.” R. 167, 168.
“Q. [prosecutor] You are saying that Larry [the officer] put it in there and set you up, aren’t you?
“A. I didn’t see him do it.
“Q. Is that what you are saying? Tell the jury.”
“A. I don’t know who done it. It wasn’t my marijuana.” R. 168-69.
We find that, although the appellant denied that he was accusing the arresting officer of placing the marijuana in his wallet, such an inference is reasonable from the appellant’s testimony.
“During closing argument, the prosecutor, as well as defense counsel, has a right to present his impressions from the evidence, if reasonable, and may argue every legitimate inference. Rutledge v. State, 523 So.2d 1087 (Ala.Cr.App.1987), rev’d on other grounds, 523 So.2d 1118 (Ala.1988). Wide discretion is allowed the trial court in regulating the arguments of counsel. Racine v. State, 290 Ala. 225, 275 So.2d 655 (1973). In evaluating allegedly prejudicial remarks by the prosecutor in closing argument, no fixed standard can be applied, and each case must be judged on its own merits. Hooks v. State, 534 So.2d 329 *664 (Ala.Cr.App.1987), aff’d., 534 So.2d 371 (Ala.1989).”
McMillian v. State, 594 So.2d 1253, 1262 (Ala.Cr.App.1991), remanded on other grounds, 594 So.2d 1288 (Ala.1992).
“ ‘Counsel in making argument to the jury have a right to state their conception of what the evidence is.’ Hope v. State, 21 Ala.App. 491, 492, 109 So. 521, 522 (1926). ‘Certainly, the State has as much right as the defendant to argue to the jury every matter of legitimate inference from the evidence, and ... “the evidence may be examined, collated, sifted, and treated in [the solicitor’s] own way.” ’ White v. State, 41 Ala.App. 54, 58, 123 So.2d 179, 181-82, cert. denied, 271 Ala. 702, 123 So.2d 186 (1960). ‘Whether an inference is reasonable is generally within the sound discretion of the trial judge.’ Hayes v. State, 588 So.2d 502, 505-06 (Ala.Cr.App.1991).”
DeBruce v. State, [Ms. CR 91-881, March 5, 1993] 1993 WL 56273, *9 (Ala.Cr.App.1993).
“ ‘Although counsel has “no right to create evidence by his argument,” Davis v. State, 49 Ala.App. 587, 590, 274 So.2d 360, 363 (1972), cert. denied, 290 Ala. 364, 274 So.2d 363 (1973), “counsel may draw any inference which the facts tend to support.” Brothers v. State, 236 Ala. 448, 452,183 So. 433, 436 (1938). “Counsel for the State and defendant are allowed a rather wide latitude in drawing their deductions from the evidence.” Arant v. State, 232 Ala. 275, 279,167 So. 540, 543 (1936). “Counsel has a right to argue any reasonable inference from the evidence or lack of evidence ... and to draw conclusions from the evidence based on their own reasoning.” Roberts v. State, 346 So.2d 473, 476 (Ala.Cr.App.), cert. denied, 346 So.2d 478 (Ala.1977). “Trial judges ordinarily are loath to limit inferential argument which has any connection with the evidence even though far-fetched- So long as counsel does not travel out of his case and confines statements to reasonable inferences deducible from the evidence, he should not be controlled.” Roberts, 346 So.2d at 477. “[I]t would be dangerous to accord the presiding judge the right and power to intervene and declare authoritatively when an inference of counsel is or is not legitimately drawn. This is for the jury to determine, if there be any testimony on which to base it.” Cross v. State, 68 Ala. 476, 483 (1881).’ ”
Hams v. State, (Ms. 3 Div. 332, June 12, 1992) 1992 WL 136496, *30, 31 (Ala.Cr.App.1992), affirmed, [1920374, June 25, 1993] 1993 WL 222348 (Ala.1993).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.