[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14840
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00095-CR-2-LSC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER JAMES BARNES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 6, 2008)**

Before ANDERSON, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Walter Barnes appeals his 180 month sentence following his guilty plea for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). After Barnes pleaded guilty, the district court determined that his prior state conviction for first degree marijuana possession qualified as a controlled substance offense and applied a base offense level of 24 pursuant to §§ 2K2.1(a)(2) and 4B1.2(b) of the sentencing guidelines. The district court also concluded that the marijuana conviction qualified as a third serious drug offense under the Armed Career Criminal Act and enhanced Barnes' offense level to 33 pursuant to § 4B1.4, resulting in a total offense level of 30 after a reduction for acceptance of responsibility. With a criminal history category of IV, Barnes' guideline range was 135–165 months. Because this range fell below the mandatory fifteen year minimum term of imprisonment set by the ACCA, however, the district court sentenced Barnes to 180 months in prison. Barnes contends on appeal that his prior conviction for first degree marijuana possession under Ala. Code § 13-A-12-213(a)(1) does not qualify as a third predicate "serious drug offense" under the ACCA.[1]

---

[1] The government contends that Barnes waived any arguments relating to the application of the ACCA because his brief to this Court argues only that his prior Alabama state court conviction for first degree marijuana possession is not a "controlled substance offense" under § 4B1.2(b) of the sentencing guidelines. Because it does not affect our decision, we will assume without deciding that Barnes' § 4B1.2 argument does raise the ACCA issues.

We review de novo whether a prior conviction is a serious drug offense within the meaning of the ACCA. United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005), aff'd on other grounds, ___ U.S. ___, 127 S. Ct. 1586 (2007).

Section 922(g) of Title 18 of the United States Code prohibits any person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year from possessing any firearm. 18 U.S.C. § 922(g). Pursuant to § 924(e)(1), any person who violates § 922(g) and has three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" shall be imprisoned for not less than fifteen years. 18 U.S.C. § 924(e)(1). Section 924(e) defines the term "serious drug offense" as including, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Under Ala. Code § 13-A-12-213, a person commits the crime of first degree marijuana possession if: (1) he possesses marijuana for other than personal use; or (2) he possesses marijuana only for his personal use after having previously been convicted of unlawful possession of marijuana in the second degree or unlawful possession of marijuana for personal use. Ala. Code § 13A-12-213(a). Barnes

3

concedes that he was convicted under the first subsection for possessing marijuana "for other than personal use," which resulted in a sentence of one year and one day in prison. The determinative issue in this case, therefore, is whether the district court properly concluded that a prior conviction for possession of marijuana "for other than personal use" qualifies as a "serious drug offense" under § 924(e).

When determining whether a particular conviction qualifies as a serious drug offense within the meaning of § 924(e), courts are generally limited to a formal categorical approach, which looks "only to the fact of conviction and the statutory definition of the prior offense," instead of the actual facts underlying the defendant's prior conviction. Taylor v. United States, 496 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990); see also Shepard v. United States, 544 U.S. 13, 15, 125 S. Ct. 1254, 1257 (2005); James, 430 F.3d at 1154; United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004). The purpose of limiting sentencing courts to this categorical approach is that it avoids the "practical difficulties and potential unfairness of a factual approach." Taylor, 496 U.S. at 601, 110 S. Ct. at 2159; see also Breitweiser, 357 F.3d at 1254 ("The danger of having to conduct 'mini-trials' on a defendant's prior conviction counsels against looking beyond the statute of conviction.").

However, there are some narrow exceptions to this general rule, and Barnes

contends that his prior marijuana conviction under Ala. Code § 13A-12-213(a)(1) falls within the ambiguity exception to the categorical approach. In explaining the ambiguity exception, we have recognized that a district court may look to the facts underlying a prior conviction "where the judgment of conviction and statute are ambiguous, i.e., the determination whether a prior conviction is a qualifying offense from the face of the judgment itself is impossible." United States v. Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006) (remanding for resentencing where a factual inquiry was required to determine whether the defendant's prior conviction qualified as a "drug trafficking offense" under § 2L1.2(b)(1)(B) of the sentencing guidelines).

An ambiguity occurs, for example, "where the statutory language of the prior conviction 'encompasse[s] some offenses that would satisfy the enhancement statute and others that would not.'" Breitweiser, 357 F.3d at 1255 (quoting United States v. Fulford, 267 F.3d 1241, 1249 (11th Cir. 2001)). Even in instances where we have recognized that a sentencing court is permitted to go beyond the categorical approach, however, we have held that the court may rely on only a limited set of materials—including the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings of the trial judge to which the defendant assented. Aguilar-Ortiz, 450 F.3d at 1273–74.

In arguing that the look-behind approach is appropriate in this case, Barnes principally relies upon the Aguilar-Ortiz case. The decision in that case, however, does not support Barnes' contention. In Aguilar-Ortiz, we determined that a Florida statute prohibiting the solicitation of the delivery of drugs was ambiguous and required the district court to go beyond the formal categorical approach to determine if the defendant's prior conviction qualified as a "drug trafficking offense" within the meaning of § 2L1.2(b)(1)(B) of the sentencing guidelines. 450 F.3d at 1276. In reaching this conclusion, we noted that defendants could be found guilty of the Florida solicitation crime "on the basis of a wide range of conduct," including the solicitation of large quantities of narcotics for redistribution or the solicitation of only a minuscule amount of narcotics solely for personal use. Id. at 1275.

The Florida statute in Aguilar-Ortiz was so ambiguous that we were unable to say as a categorical matter that all solicitation convictions under it either did or did not qualify as drug trafficking offenses under the sentencing guidelines. Id. at 1276; see also United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006) (noting that the defendant's convictions for making terroristic threats under a Georgia statute did "not, without more, prove that he had been convicted of a violent felony for ACCA purposes" because the state statute prohibits both violent

and nonviolent conduct); Breitweiser, 357 F.3d at 1255 (determining that the district court had properly looked past the defendant's conviction under a New Jersey statute prohibiting the endangerment of child welfare, because it was impossible to determine from the face of the statute whether it qualified as a "prior sex offense conviction" under 18 U.S.C. § 2247 since a defendant, who may or may not have had sexual contact with a minor, could be convicted under the statute); United States v. Spell, 44 F.3d 936, 939 (11th Cir. 1995) (per curiam) (finding that the district court had properly looked behind a previous conviction under a Florida burglary statute in determining whether it constituted a "crime of violence" under § 4B1.1 of the sentencing guidelines because the state statute "encompasses some conduct which constitutes a crime of violence and some which does not").

Unlike the Florida statute in Aguilar-Ortiz, the language of the Alabama statute prohibiting the possession of marijuana "for other than personal use" in this case is not ambiguous. The phrase "for other than personal use" means that a defendant does more than merely possess marijuana for his own use—that is, he intends to distribute it or to possess it with the intent to distribute. See Ala. Code § 13A-12-214 (making the possession of marijuana for "personal use only" a Class A misdemeanor); Watley v. State, 568 So.2d 852, 854 (Ala. Cr. App. 1989)

7

(noting that there "is no offense outlined in . . . § 13A-12-213 . . . whose enacting clause defines the proscribed conduct merely in terms of 'possession of marijuana'" and determining that the phrase "for other than personal use" is an "inseparable ingredient[] of the offense").  Indeed, when asked by the district court, Barnes' attorney could not provide an alternative interpretation of the statute that would permit the inference that he did not intend to distribute the marijuana.  Nor can we.  Unlike in Aguilar-Ortiz, therefore, a conviction under the statute at issue in this case cannot be based on possession solely for personal use. See Aguilar-Ortiz, 450 F.3d at 1275.

Because first degree marijuana possession in violation of Ala. Code § 13A-12-213 is a Class C felony, it carries with it a maximum term of imprisonment of ten years, see Ala. Code §§ 13A-12-213(b) & 13A-5-6(a)(3), which meets the requirements of § 924(e)(2)(A)(ii)'s definition of a "serious drug offense." Furthermore, as we discussed earlier, § 13A-12-213's description of the offense as possession "for other than personal use" necessarily implies that a defendant possessed marijuana with the intent to distribute it and thereby committed a serious drug offense.  Because the plain language of the statute, read against the judgment, compels this conclusion, we cannot refer to any other material to determine whether Barnes' conviction qualifies as a serious drug offense.  The

district court, therefore, properly treated Barnes' conviction for first degree marijuana possession as a serious drug offense and applied the mandatory fifteen year statutory minimum sentence under the ACCA. Accordingly, we affirm Barnes' sentence.

**AFFIRMED.**